Gulf, Colorado & Santa Fe Railway Company v. Henry Miller.

Decided October 14, 1899.

**1. Damages for Personal Injuries—Claim for Transferable.**

Since the enactment of article 3353a, Revised Statutes, causes of action for personal injuries survive, and they may therefore now be sold and transfered the same as causes of action for injuries to personal property.

**2. Same—Sale of Claim—Power with Interest Not Revocable.**

Where one having given to an attorney a full written power to collect it by suit or compromise, conveys a one-half interest in the claim in payment for the services to be so rendered, such power, being coupled with an interest, is not revocable at will.

**3. Same—Manner of Transferring Claim.**

Article 4647, Revised Statutes, relating to the transfer of judgments and causes of action upon which suits have been filed has no application to the transfer of a claim of damages for personal injuries upon which suit has not been filed.

Appeal from Tarrant. Tried below before Hon. Irby Dunklin.

*J. W. Terry,* for appellant.

*J. F. Cooper* and *Robert G. Johnson,* for appellee.

HUNTER, Associate Justice.—This suit was brought by the appellee, Henry Miller, against appellant, on the 5th day of August, 1898, in the District Court of Tarrant County, to recover damages for alleged personal injuries inflicted upon the appellee in Bell County on the 14th day of June, 1898. On the 12th day of July following, the appellee entered into a contract in writing with J. B. McMahan, an attorney at law of Belton, Tex., in the following terms:

*"The State of Texas, County of Bell.*—Know all men by these presents, that I, Henry Miller, of Bell County, Texas, have employed J. B. McMahan, of said county and State, as my attorney to represent me and prosecute to settlement or judgment a certain claim I have and hold

against the Gulf, Colorado & Santa Fe Railway Company, which said claim is for personal injuries received by me on the 14th day of June, 1898, by being struck by a bundle of grade stakes thrown from said company's cars by one of its employes. In consideration of the services already performed for me by the said J. B. McMahan, and the further service to be done in the collection, settlement, and prosecution of said cause in the courts of this State (if that shall become necessary), I therefore sell, grant, set over, and transfer to the said McMahan one-half of my entire claim against said company, whether the same is settled with or without suit; and, should it become necessary to sue, and judgment is obtained, then the said McMahan is to have one-half of any judgment that may be obtained by me against said company. It is further understood that the said McMahan has the entire control and management of my claim, and is authorized to settle in any manner he may think best; and I do hereby agree not to interfere in the matter in any way whatever, but leave the settlement and compromise of said claim entirely under the control and management of the said McMahan. I do hereby empower my said attorney to sign my name to all papers that may be necessary to be executed for the purpose of settling and compromising said claim, and to bring suit for me, and to prosecute the same to judgment; in fact to do any and all things that may become necessary to collect my said claim from the said railway company. And the said McMahan is specially empowered to release the said railway company in my name, and to fully discharge them from further liability, when the said McMahan has received the amount of money he and the said company may agree upon. I hereby ratify all things my said attorney may do in the premises.

"Witness my hand this 12th day of July, 1898.

"Henry Miller."

Miller acknowledged the execution of this contract before a notary public on the same day it was executed, who certified the fact according to law, but it does not appear that it was ever filed among the papers of the suit afterwards brought by McMahan for Miller in the District Court of Bell County for damages for the injuries therein named. Said Bell County suit was filed by McMahan, July 13, 1898, but Miller, it seems, personally appeared therein, and dismissed the cause, October 1, 1898. Two days after Miller executed the above contract with McMahan he became dissatisfied with McMahan, and notified him that he revoked the contract, and discharged him; and afterwards he employed the attorneys who represent him in this case to take charge of his claim, and bring this suit, which they did, filing the suit as above stated. After the Fort Worth attorneys were employed, the appellant, through its auditing and claim agents, made several efforts to compromise with Miller personally, but he declined to settle, referring them to his Fort Worth attorneys; and on one occasion, it seems, he was informed that McMahan had brought a suit on the same cause of action in the District

Court of Bell County, whereupon he informed the agent that McMahan's authority had been revoked, and that he was discharged. After this, however, failing to settle with Miller, the appellant, through its claim agent, settled with McMahan the entire claim for $100, and took from him the following receipt and release:

"$100.00.                              Belton, Texas, Sept. 12, 1898.

"Received of the Gulf, Colorado & Santa Fe Railway Company the sum of one hundred dollars, in consideration of which I, Henry Miller, of ——— County, in the State of Texas, hereby remise, release, and forever discharge said company of and from any and all actions, causes of action, suits, debt, sums of money, dues, claims, or demands of any and every kind which I have ever had or now have against it by reason of any matter, cause, or thing whatsoever, and more particularly by reason of injuries to person or property sustained by me while employed as laborer by said company between Clifton and Meridian on the 14th day of June, 1898, by reason of being struck by a bundle of stakes thrown from train No. 5.

"Witness my hand the day and year above written.

                                        "Henry Miller,
                    "By His Attorney in Fact, J. B. McMahan.
                                        "J. B. McMahan.
"Witnesses:   R. L. Terrell, J. R. Payne."

This settlement, payment, and release executed by McMahan was set up in this suit by appellant in bar of appellee's right to recover, to which appellee replied that the contract executed to McMahan was obtained by fraud, and that the power given thereunder had been revoked, and the attorney discharged, long before said settlement was made, and that appellant had full notice thereof, and that the settlement was fraudulently made between McMahan and the appellant, and was, therefore, void, and of no effect. The case was tried by a jury, and verdict and judgment went against appellant for $2000, and hence this appeal.

On the trial of this cause the learned district judge charged the jury, in part, as follows: "If you believe from the evidence that prior to the time the said J. B. McMahan executed and delivered to defendant the receipt above mentioned the plaintiff revoked the said power of attorney, and that Thomas Gerren was notified of said revocation by plaintiff, or that said Thomas Gerren or the witness H. S. Downey had knowledge of any fact or facts which would have put a reasonably prudent person on inquiry that, if pursued, led to a knowledge of such revocation, and that thereafter said Downey paid to said McMahan the $100 named in said receipt, and took said receipt from McMahan, then you will find that such settlement so made with McMahan is not binding upon the plaintiff." He also refused a charge asked by appellant to the effect that the power conferred upon McMahan by the contract, being coupled with a sale and transfer of a one-half interest in the cause

of action or claim, could not be revoked by Miller without the consent of McMahan, and that therefore Miller's attempted revocation was void, and McMahan had a right to make the settlement pleaded. We are of opinion that the charge given was erroneous, and that it was the duty of the court to give to the jury, in substance, the special charge asked, with the additional proviso that McMahan acted in good faith. The contract made by Miller with McMahan authorized the latter to sue in the name of Miller for the whole amount of damages sustained, and at the same time sold, set over, and conveyed a half interest in the claim or cause of action to McMahan as the consideration he was to receive for his services as an attorney in making the collection. The legal effect of the instrument, therefore, was to confer a power, coupled with an interest in the thing itself,—the claim, the cause of action. This, it seems, could not have been done prior to 1895, because it had been held that a claim or cause of action for unliquidated damages for personal injuries could not be sold and assigned, and this ruling was put upon the ground that, the cause of action in such cases not being one that would survive the death of the injured party, so as to become an asset of his estate, was not such property as could be sold and transferred. Stewart v. Railway, 62 Texas, 246; Railway v. Freeman, 57 Texas, 156. But by article 3353a Revised Statutes, 1895, it is provided that "causes of action upon which suit has been or may hereafter be brought by the injured party for personal injuries other than those resulting in death, whether such injuries be to the health or to the reputation or to the person of the injured party, shall not abate by reason of his death, nor by reason of the death of the person against whom such cause of action shall have accrued; but in the case of the death of either or both, such cause of action shall survive to and in favor of the heirs and legal representatives of such injured party and against the person, receiver or corporation liable for such injuries and his legal representatives; and so surviving such cause may be hereafter prosecuted in like manner and with like effect as would a cause of action for injuries to personal property." The appellee's counsel contend, however, that as McMahan's contract was entered into before suit was brought on the cause of action, the claim was not assignable, citing article 4647, Revised Statutes, and Railway v. Wooten, 10 Texas Civil Appeals, 54. The article cited provides that "the sale of any judgment or any part thereof of any court of record within this state, or the sale of any cause of action or interest therein after suit has been filed thereon, shall be evidenced by a written transfer, which when acknowledged in the manner and form required by law for the acknowledgment of deeds may be filed with the papers of such suit," etc.; and then provides that, when the clerk shall have made certain entries on the records, such filing and entries shall be full notice to all persons subsequently dealing with reference to said judgment or cause of action. This article applies only to judgments and to causes of action upon which suits have been filed, and not to causes of action or interests therein upon which suits have

not been filed, and was intended to supply the purchaser of such judgment or cause of action a cheap and certain method of giving notice to the world of his interest therein; but, if no judgment had been obtained or suit filed on the claim at the time of the transfer, the statute would not apply, at least not until judgment should be obtained or suit filed. This article, however, was not intended to affect the validity of any sale or transfer of a judgment or cause of action, or any part thereof, but only to provide an efficient method of giving notice thereof. Since the enactment of article 3353a, causes of action for personal injuries survive, and may be sold and transferred, the same as would causes of action for injuries to personal property; and the validity of any sale or transfer thereof must now be tested by the rules of law governing sales of choses in action belonging to one's personal estate which would survive to his heirs or personal representatives. · Applying this rule to the contract in question, especially when considered in the light of the decision in Railway v. Vaughan, 16 Texas Civil Appeals, 403, in which our Supreme Court refused a writ of error, we are of opinion that Miller had no right or authority in the absence of fraud to revoke the powers conferred upon McMahan, because he had, by the contract, coupled them with a sale and transfer of one-half of the claim to McMahan.

The questions of fraud pleaded by the appellee, and to support which there seems to have been some evidence offered, were not submitted to the jury in the charge of the court, and hence we are not willing to discuss the assignments and propositions contained in appellee's brief based on them. Because the court erred in construing the contract to be revocable at the will of Miller alone, we reverse the judgment herein, and remand the cause for a new trial.

· *Reversed and remanded.*