GALVESTON, HARRISBURG & SAN ANTONIO RAILWAY COMPANY V.
PAUL GINTHER (PATTERSON & BUCKLER, INTERVENERS).

Decided October 15, 1902.

**Personal Injury Claim—Assignability.**

A cause of action, or portion thereof, based on damages arising from personal injuries, is assignable, although suit has not been instituted for such damages by the person injured.

Appeal from El Paso County. Tried below before Hon. J. M. Goggin.

*Baker, Botts, Baker & Lovett* and *Beall & Kemp,* for appellant.

*Millard Patterson* and *C. N. Buckler,* for appellees.

FLY, ASSOCIATE JUSTICE.—Paul Ginther entered into a contract with Patterson & Buckler, attorneys at law, whereby he transferred to them one-third of whatever might be recovered by them in a suit to be instituted by them for damages arising from personal injuries sustained by said Ginther. The contract was made before the institution of this suit. Afterwards the suit was instituted by the attorneys, and while it was pending a compromise was made between appellant and Ginther, whereby the former paid the latter the sum of $2500 in full settlement of his claim. When the compromise was made and the money paid to Ginther, appellant had actual notice of the transfer by Ginther to Patterson & Buckler of one-third of what might be recovered in the suit. Patterson & Buckler interevened in the suit Ginther had instituted against appellant, setting up his insolvency, and actual notice of the transfer of one-third of what might be recovered by Ginther by suit or compromise, and praying for judgment for the sum of $833 1-3, being one-third of the amount paid to Ginther. It was admitted by Ginther that he had received $2500 in full settlement of his claim against appellant, and the only contest was as to the right of Patterson & Buckler to recover one-third of the amount. The court rendered judgment for the amount claimed in favor of interveners. The appellant contends that the assignability of a cause of action, or any portion thereof, based on damages arising from personal injury, depends on the institution of a suit for such damages by the person injured, and that any attempted transfer of any interest in such damages before the institution of such suit is utterly invalid. The decisions in the cases of Railroad v. Miller, 23 Texas Civil Appeals, 395, 53 Southwestern Reporter, 923, 4 Texas Court Reporter, 780, are authorities in point directly against appellant's contention. In the latter case a writ of error was refused by the Supreme Court.

The judgment is affirmed.

*Affirmed.*