SAN ANTONIO TRACTION COMPANY v. VIRGINIA F. WILLIAMS.

Decided January 27, 1904.

**1.—Pleading—Amendment—New Cause of Action—Limitation.**

In an amended petition pleading negligence generally plaintiff may prove the particular acts of negligence alleged in the original petition; such amendment is not subject to demurrer on the ground that it introduces a new cause of action, barred by limitation, since it can not be assumed, in advance, that evidence will be introduced of negligence not originally alleged.

**2.—Special Demurrer.**

A special demurrer must apprise the court of the particular point intended to be urged.

**3.—Passenger—Negligence—Pleading.**

A general allegation, by an injured passenger, of negligence by the carrier, is sufficient; nor does the fact that he knows the particular negligence causing the injury and has originally alleged it specifically change the rule or prevent him from amending and pleading negligence generally.

**4.—Charge—Wreck—Derailment.**

The words "wreck and derailment" in a charge refer to one event, and it is immaterial whether or not plaintiff was injured the instant before the car left the rails.

Appeal from the District Court of Bexar. Tried below before Hon. J. L. Camp.

*Houston Bros.* and *R. J. Boyle,* for appellant.

*R. B. Minor, Perry J. Lewis,* and *H. C. Carter,* for appellee.

JAMES, CHIEF JUSTICE.—This is an action for damages for personal injuries. The case was tried on a second amended original petition filed March 9, 1903, which alleged that plaintiff, Virginia F. Williams, while a passenger on defendant's car, was injured on or about November 29, 1900, by reason of the negligence of defendant. While said car was proceeding with plaintiff along West Commerce Street the motion of said car was suddenly and violently arrested and one end of said car was violently thrown to a great height above the track and then fell violently down again, and said car became wrecked and derailed, whereby plaintiff was thrown violently about in said car and greatly bruised, wounded and lacerated, etc.

The original petition, which appears to have been filed September 25, 1901, alleged the negligence to have consisted in allowing the mechanism of the car to become out of order and its parts to become insecure, and that plaintiff was injured by reason of a portion of its mechanism unknown to plaintiff becoming detached from the bottom of said car and falling and striking the roadbed and ties while it was going at a rapid rate of speed, whereby the motion of the car was suddenly and violently arrested and the car greatly and violently tilted forward and partly overturned.

The first amended original petition, filed May 23, 1902, was substantially the same except that it alleged that defendant negligently suffered

the mechanism of the car to become so much out of order, and its parts, especially a certain dynamo of said car, to become so insufficiently secured that the dynamo became detached from the bottom of the car and fell and struck the ties, whereby the motion of the car was suddenly and violently arrested, etc.

The first assignment of error is to the overruling of a special demurrer setting up that the cause of action was barred because the second amended original petition set up a new cause of action.

Plaintiff being a passenger needed only to plead defendant's negligence in a general manner as was done in the second amended petition. If this had been done in the first instance plaintiff could have proved under it the particular negligence that was alleged in the original petition. Consequently the second amended petition embraced the particular forms or acts of negligence alleged in the previous pleadings.

The only reasonable contention defendant can make to the last petition is that it embraces any form of negligence that plaintiff might see fit to prove, and as to other forms than what had been previously alleged, and to that extent it set up a new cause of action. It was enough for the court in passing on this demurrer to know that plaintiff was entitled under the last pleading to prove the case that had been originally or in the first amended petition alleged in order to overrule it. The court could not know in advance what plaintiff would establish on the trial under the broad allegation of that pleading. It would therefore have been error to sustain the demurrer.

The second assignment complains of the overruling of the following special demurrer: "For further demurrer to said second amended original petition defendant says that it is insufficient in this, that it does not allege wherein this defendant was negligent, and does not show with sufficient certainty to put this defendant upon notice the wrongs and negligence with which it is charged or wherein or how it neglected its duty."

Appellant concedes the rule to be that a passenger can not be required to allege more than was done in this pleading, but urges that the reason upon which it is founded is shown by the record to be wholly wanting in this case. The brief puts it thus: "That it is apparent upon this record that plaintiff was at all times cognizant of the particular act of negligence which caused the injury, and has rested her case upon such particular negligence for a long period of time, and therefore the just and equitable theory upon which the rule is based can have no application."

There was nothing in the terms of the special demurrer to apprize the court that such point was intended to be made, therefore it must be regarded as made here for the first time. And finally we are of opinion that the law does not admit of any such exception to the rule, otherwise plaintiff, a passenger, ought to be required in every case to negative the fact of his knowledge of the form or act of negligence causing the injury in order to warrant a petition alleging negligence in general terms.

We believe there is nothing substantial in what is said in connection with the third and fourth assignments. The testimony is that the car was to some extent derailed. First the passengers were thrown forward by the car coming to a sudden stop and the front end going down. Plaintiff says she fell the whole length of the car and when the car fell backward she fell backward too and that she struck her back against something, she did not know what it was. To her it seemed the car was almost straight up, then it fell back. Another witness testified that when it dropped back the center of the car burst open and that the back part of the car was off the track. Plaintiff said she thought the back part of the car was partly off the track.

It is not made clear by the testimony at what stage of the occurrence plaintiff received her injury. Appellant contends that there was no evidence which warranted the court in submitting plaintiff's having been injured by reason of the derailing of the car, the charge being in effect that if plaintiff was injured by the "wreck and derailment," and such "wreck and derailment," if any, was the result of defendant's negligence and was the proximate cause, etc., to find for plaintiff. As plaintiff testified she fell backward when the rear end of the car fell down, and it was derailed when it fell, it can hardly be assumed that the derailment, by which one would naturally understand the period between the time the rear wheels were lifted from the track and the time they fell down away from the track, had nothing to do with causing her injuries.

Moreover, it seems to us that the derailment and wreck being one and the same event, it is evident that the court used the terms as referring to the occurrence generally, and they could not reasonably have been understood by the jury in any other sense.

We think appellant has no real ground of complaint in respect to the matters alleged in the remaining assignments.

*Affirmed.*

Writ of error refused.