AMERICAN COTTON COMPANY v. SID SIMMONS ET AL.

Decided April 26, 1905.

**1.—Master and Servant—Contractor—Joint Liability.**

Defendants may be jointly sued for injury from the negligence of a foreman representing both, to one serving under him, though the relation of foreman is created by different contracts as to each defendant, and that of master and servant by different circumstances, as where plaintiff, a servant of one company, without notice of any change in his employment, is set by his foreman to work under his direction in assisting an independent contractor in making a structure on the premises of his employer.

**2.—Master and Servant—Foreman—Scope of Authority.**

A servant who is injured by the negligence of his foreman while acting under the latter's orders in assisting about construction work erected for the master and on his premises by an independent contractor, may recover of the master, though the foreman had no authority to set him at such work, if the servant was ignorant of such want of authority.

**3.—Defective Appliances Constructed by Fellow Servant.**

The obligation of the master to furnish the servant suitable appliances for doing his work attaches, though the construction of such appliances is committed to fellow servants, as where they erect a framework to bear the weight of an oil tank in lowering it into a pit, which gives way and injures a servant in the process.

**4.—Attorney—Interest in Recovery—Parties.**

A contract by a plaintiff that his attorneys should have one half the amount recovered in the suit is not an assignment of a half interest in his cause of action, and they may prosecute the suit for the entire recovery in plaintiff's name.

**5.—Argument of Counsel.**

Improper argument of counsel is not cause for reversal where the court orally instructed the jury to disregard it and the complaining party asked no written instruction thereon.

Appeal from the District Court of Delta County. Tried below before Hon. H. C. Connor.

*Eugene Williams,* for appellant.—The court erred in overruling defendant's special exception to the effect that there was a misjoinder of causes of action and of parties defendant. Mexican National Con. Co. v. Meddledge, 75 Texas, 634; Hays v. Perkins, 22 Texas Civ. App., 200; Warax case, 72 Fed. Rep., 637.

It appearing by the undisputed testimony that Nelson was not the general agent or vice-principal of The American Cotton Company to transact all of its business, but only its foreman, and to that extent its vice-principal to build the gin house and other work connected with the gin house, and not to lower the tanks into the pit, Nelson had no authority to transfer the plaintiff into the employ of the Fuel Company,

and for this reason, The American Cotton Company can not be held liable simply because the plaintiff did not know of the transfer being made by the unauthorized act of Nelson.

The trial court erred in refusing to charge the jury as requested by this defendant that, "Unless the jury believe that Nelson was given authority generally to represent The American Cotton Company, or special authority to lower the oil tank into the pit, he would have no authority to bind The American Cotton Company by transferring plaintiff from its work to some other work, and unless you believe from the evidence that Nelson had such authority you will return your verdict for the defendant, The American Cotton Company.   Western Union v. Foster, 64 Texas, 220; Hardy v. Shedden, 37 Law Rep. Ann., 42; (Not defendants duty to furnish completed frame.)

The trial court erred in refusing to charge the jury as requested by this defendant that,

"Unless you believe from the evidence that the defendants were obligated either expressly or impliedly to supply a completed frame to lower the tanks into the pit, and you further believe that the fellow-workmen of plaintiff were under the duty of making the frame, then if you believe these workmen were negligent in making the frame, and that from such negligence plaintiff was injured, and that such negligence was the proximate cause of plaintiff's injury, such negligence, if any, of plaintiff's fellow-servants would not render The American Cotton Company liable to plaintiff for damages, and you will return your verdict for The American Cotton Company."   Maughmer v. Behring, 19 Texas Civ. App., 299; Allen v. Galveston, H. & S. A. Ry., 14 Texas Civ. App., 346; Armour v. Hahn, 111 U. S., 318; Ross v. Walker, 23 Am. St. Rep., 160; Beesley v. Wheeler, 27 L. R. A., 266; O'Connor v. Hall, 65 N. Y. Supp., 136; Burns v. Sennett, 44 Pac., 1068; Morris v. Walworth, 63 N. E., 910; The Kensington, 91 Fed., 681; 12 A. & E. Ency. Law, 952; 20 A. & E. Ency. Law, 81, 82.

It appearing that the attorneys, Messrs. Wood and Patterson, owned one-half of the judgment before The American Cotton Company was brought back into the litigation, after having been previously dismissed as a party to the cause, the action could not be prosecuted in the name of the plaintiff for the benefit of Messrs. Wood and Patterson upon a pleading filed April 7, 1903.   Gulf, C. & S. F. Ry. v. Miller, 21 Texas Civ. App., 612; East Texas Fire Ins. Co. v. Coffee, 61 Texas, 290; Stachely v. Peirce, 28 Texas, 335.

The trial court erred in refusing to charge the jury as requested by this defendant that "If you find for the plaintiff you will return your verdict as against The American Cotton Company for one-half of what you would otherwise find under other charges of the court, but for the fact that he had assigned one-half to Messrs. Wood and Patterson."

(Seventh Assignment.)   The trial court erred in refusing to charge the jury as requested by this defendant that,

"If you believe that Nelson had no authority from The American Cotton Company to employ laborers for The American Cotton Company to lower the oil tank into the pit, and although you may believe such lowering the tank was within the apparent scope of Nelson's authority, yet The American Cotton Company would not be liable to plaintiff for

damages, and you will return your verdict for The American Cotton Company." Western U. Tel. Co. v. Foster, 64 Texas, 220.

(Eighth Assignment.)    The trial court erred in refusing to charge the jury as requested by this defendant that,

"If you believe the plaintiff was injured while doing work which it was the duty of The Texas Fuel Oil Equipment Company to do under its contract with The American Cotton Company, of June 26, 1902, then the Fuel Company would be what is known in law as an independent contractor, and, if plaintiff is entitled to recover such recovery should be against the Fuel Company alone and no verdict should be rendered in favor of plaintiff against The American Cotton Company, and, if you so believe you will return your verdict for The American Cotton Company." Cunningham v. International & G. N. Ry. Co., 51 Texas, 503. .

(Ninth Assignment.)    The trial court erred in refusing to charge the jury as requested by this defendant that,

"If you believe the cause of plaintiff's injuries resulted from what is known as a latent defect, that is, a defect that could not be known by the use of reasonable diligence on the part of a reasonably prudent person and that Nelson inspected the frame in such manner as a person of· ordinary prudence would have done under like circumstances and failed to discover such defect you will return your verdict for The American Cotton Company." Fordyce v. Yarborough, 1 Texas Civ. App., 266; Quintana v. Consolidated Co., 14 Texas Civ. App., 351; Galveston Ry. v. Buch, 65 S. W., 681.

(Tenth Assignment.)    That the judgment herein rendered should be reversed because plaintiff's attorney in his closing argument said to the jury, "that a good reason for plaintiff's inability to pay or secure the costs of court was found in the fact that he had to support his mother, and that a young man of twenty-two years of age, who had a mother to support would not be expected to lay up money as wealthy corporations might do," and said further to the jury "there are costs in this case which ought not be have been incurred, that The American Cotton Company filed papers to remove this case to the United States Court at Paris in order to avoid a trial of this case in the District Court of Delta County, and costs were incurred in this proceeding which the plaintiff ought not to be called upon to pay."

*L. L. Wood* and *James Patteson*, for appellee.—It being directly alleged in the petition that the defendants, each, owed the plaintiff the duty of using ordinary care to furnish him a reasonably safe appliance for lowering the tanks, and that he was injured by the negligent failure of each to use such care (there being but a single injury), there was no improper joinder of parties or causes of action.   Missouri, K. & T. Ry. Co. v. Ferch, 36 S. W., 487; Gulf, C. & S. F. Ry. Co. v. A. S. Dorsey, 66 Texas, 148; Missouri Pac. Ry. Co. v. C. G. Jones, 75 Texas, 151; Gulf, C. & S. F. Ry. Co. v. L. A. McWhirter, 77 Texas, 356; John Markham v. Houston D. Navigation Co., 73 Texas, 247; Southwestern Telegraph & Telephone Co. v. Crank, 27 S. W., 38; Stone v. Dickinson, 5 Allen, 29.

It appearing from the evidence that John Nelson was entrusted by

The American Cotton Company with the construction of a plant for it, and to employ laborers for that purpose, and to direct them in their work, and where to work on said plant, and to make the pit into which the tank was to be lowered, and to do all the work in constructing the plant, except to lower the tanks; and the evidence further showing that Nelson, as foreman of The American Cotton Company, employed plaintiff to work on the plant, without designating any particular portion, and that plaintiff was in fact on the day of the accident at work on the plant, within a short distance of the pits, under the direction and supervision of Nelson, then acting for The American Cotton Company and subject to the orders of Nelson; the direction given by Nelson to plaintiff to go only a few feet distant and assist in lowering the tanks (the tanks being a part of the plant) was so ostensibly within the authority of Nelson as foreman of The American Cotton Company that plaintiff was justified in obeying the order, he not having any notice that such work was not the work of the Cotton Co., but believing that it was, the American Cotton Company under the circumstances owed plaintiff the duties of a master. Gulf, C. & S. F. Ry. Co. v. A. S. Dorsey, 66 Texas, 148; Missouri, K. & T. Ry. Co. v. Ferch, 36 S. W., 487; Texas & Pac. Ry. Co. v. McClanahan, 3 Texas Law Review, 324; Missouri Pac. Ry. v. Jones, 75 Texas, 151; Dillingham v. Crank, 87 Texas, 104; American & English Enc., vol. 20, pp. 30, 45, 54; Wood on Master and Servant, 119; Hardy v. Shedden, 37 Law Rep. Ann., note page 46; Southwestern Tel. & Tel. Co. v. Crank, 27 S. W., 38; Morgan v. Smith, 159 Mass., 570.

The defendants, through their common vice-principal, having adopted the frame as an instrument for lowering the tanks, weighing 1,000 pounds each, into the ground; and directed the plaintiff to assist in lowering the tanks, with the use of the frame, the defendants owed the plaintiff the duty as matter of law, of using ordinary care to see that the frame was safe and secure for that purpose; and the negligence of plaintiff's fellowworkmen, if such they were, in constructing the frame was the negligence of the defendants, as the duty of the master was nondelegable. Dillingham v. Harden, 6 Texas Civ. App., 476; Houston & T. C. Ry. Co. v. Marcellus, 59 Texas, 334; Terrell Compress Co. v. Arrington et al., 48 S. W., 59; Galveston, H. & S. A. Ry. Co. v. Smith, 76 Texas, 611; 20 A. & E. Ency., 81; 12 A. & E. Ency. 950.

The wording of the transfer is as follows: "In consideration of the services rendered and to be rendered in said cause, I hereby transfer, sell and convey a one-half interest in all damages, moneys and profits that may be due me and recovered in said cause, whether the same arises by compromise, judgment or otherwise." The transfer was not acknowledged. San Antonio & A. Ry. v. Belt, 1 Texas Ct. Rep., 333; Bonner v. Green, 6 Texas Civ. App., 100.

The substance of the refused charge referred to in the ninth assignment was given by the court in its general charge and also in a special charge requested by the appellant.

When counsel in their closing argument make improper remarks, and the court promptly instructs the jury that such remarks are improper, and for them not to consider the remarks, and opposing counsel does not request written instructions to the jury to disregard them, and does

not complain of the action of the court in a motion for a new trial, this court will not reverse because of such argument. Missouri, K. & T. Ry. Co. v. Hogan, 88 Texas, 679.

EIDSON, ASSOCIATE JUSTICE.—This is a suit by the appellee against The American Cotton Company, appellant herein, and the Texas Fuel Oil Equipment Company, both corporations, for damages on account of the alleged negligence of said corporations. Appellee alleged that on the 26th day of August, 1902, the said corporations were engaged in constructing a round lap bale gin plant in Cooper, Delta County, Texas; that appellee was the servant of said corporations and worked on said plant; that during the course of the construction of said plant it became necessary to lower two large oil tanks into an excavation, that the appliance or frame which was used in lowering the tanks was defective and insufficient, and that while appellee was engaged with others in lowering one of the tanks under the direction and supervision of one John Nelson, who is alleged to have been the common foreman of both of said corporations, a large scantling, called a crossbeam, pulled loose from the top and fell on appellee's foot and ankle and mashed and broke the same; that said corporations failed to use ordinary care to see that said appliance was safe.

Said corporations, defendants in the court below, filed demurrers, plea of misjoinder of parties and causes of action, general denial, and that the appellee at the time of the injury was in the service of the other solely, and contributory negligence.

A trial before a jury resulted in a verdict and judgment for appellee against both defendants for the sum of $1,500. This appeal is prosecuted alone by The American Cotton Company, the Texas Fuel Oil Equipment Company having failed to perfect an appeal to this court.

Appellant's first assignment of error complains of the action of the court below in overruling its special exception to appellee's petition to the effect that there was a misjoinder of causes of action and of parties defendant. Appellant's contention under this assignment is: (1) It appearing from appellee's petition that The American Cotton Company was liable, if at all, through a contract made by it with Nelson, and that the Fuel Company was liable, if at all, through a contract made by it with its agent, or even with Nelson, and that negligence could be charged on either of these companies only through separate channels of imputed negligence, this cause of action could not be prosecuted jointly against the defendants, or on both causes of action arising from such negligence; and (2) it appearing from said petition that The American Cotton Company is charged with liability only by reason of appellee's lack of knowledge that he was transferred to the work of the Fuel Company and not by reason of his being in the employ of The American Cotton Company, whereas the Fuel Company is charged with liability by reason of the relationship of master and servant existing between itself and plaintiff, the cause of action can not be prosecuted jointly against said corporations.

We do not think appellant's contention is sound. The work being

done under the circumstances alleged and under the supervision and direction of Nelson, who was alleged to be the common foreman of the defendant corporations, both owed appellee the duty to use ordinary care in furnishing him with reasonably safe appliances to use in the work of lowering the tanks, and the failure to perform this duty upon the part of their common foreman rendered both corporations or either liable to appellee for damages resulting from such failure. (Missouri, K. & T. Ry. Co. v. Ferch, 36 S. W., 487; Gulf, C. & S. F. Ry. Co. v. A. S. Dorsey, 66 Texas, 148; Missouri Pac. Ry. Co. v. Jones, 75 Texas, 151; Gulf, C. & S. F. Ry. Co. v. McWhirter, 77 Texas, 356; Markham v. Houston D. Navigation Co., 73 Texas, 247; S. W. Telegraph & Telephone Co. v. Crank, 27 S. W., 38.)

There was no error in the refusal of the court to give to the jury at the request of appellant a peremptory instruction to return a verdict in its favor; and we therefore overrule its second assignment of error. Under the pleadings and evidence appellee was justified in believing that in assisting to lower the tanks he was performing the work for the appellant under his employment by it. This work being upon an appurtenance to and practically a part of the plant being constructed by appellant, it was within the apparent scope of the authority of Nelson as foreman of appellant to have same done, and to order appellee to assist in its performance; and appellee, under the circumstances, was justified in assuming that Nelson had such authority. (Gulf, C. & S. F. Ry. Co. v. Dorsey, supra; Missouri, K. & T. Ry. Co. v. Ferch, supra; Texas & Pac. Ry. Co. v. McLanahan, 3 Texas Law Review, 324; Missouri Pac. Co. v. Jones, supra; Dillingham v. Crank, 87 Texas, 104; Wood on Master and Servant, 119.)

There was no error in the action of the court in refusing to give to the jury the charge requested by appellant set out in its fourth assignment of error. Under the pleadings and evidence, the appellant owed the appellee the duty to use ordinary care in providing reasonably safe appliances to be used by him in the work he was directed to do; and the negligence of appellee's fellow servants, who were directed by appellant's foreman to construct the appliances, in not properly constructing them, was the negligence of appellant, and the court in its general charge instructed the jury correctly as to the duty of appellant in this regard.

Appellant's fifth and sixth assignments of error are not well taken. The contract between appellee and his attorneys was that they should have one-half of the amount recovered; and, therefore, does not assign a one-half interest in the cause of action to them. And, further, the attorneys by bringing the suit in the name of the appellee upon the entire cause of action, and proceeding with it to judgment in that shape, after the question of their owning a one-half interest was raised, would be held bound by the judgment. (Bonner v. Green, 6 Texas Civ. App., 100.)

The special charges requested by appellant and refused by the court, as shown by its seventh and eighth assignments of error, do not announce correct principles of law, in view of the pleadings and evidence in this case; and hence the action of the court in refusing such special charges was not error.

There was no error in the refusal of the court below to give the special charge requested by appellant and set out in its ninth assignment of error, as the legal principle embodied in this special instruction was fully embraced by the court in its general charge, in connection with its special charge asked by the appellant and given to the jury by the court.

Appellant's tenth assignment of error is overruled. The court having verbally instructed the jury not to consider the remarks of counsel for appellee complained of in this assignment of error, and there being no request by appellant for written instructions to the jury to disregard them, appellant has no ground for complaint on account of such remarks. (Missouri, K. & T. Ry. Co. v. Hogan, 88 Texas, 679.)

We find that the allegations of negligence contained in appellee's petition against appellant, are supported by the evidence, and that the evidence is insufficient to show that appellee was guilty of contributory negligence, as charged in appellant's answer.

There being no error pointed out in the record, the judgment of the court below is affirmed.

*Affirmed.*

Writ of error refused.