### WHEELER et al. v. FRONHOFF et al. *
(No. 3001.)

(Court of Civil Appeals of Texas. Texarkana.
Feb. 9, 1925. On Rehearing,
Feb. 26, 1925.)

**1. Attorney and client ⚖️190(2)—Attorneys held not entitled to intervene in client's suit after attempted dismissal by client.**

Agreement that attorneys were "to have one-third of any sum of money or property, or both, or either, that may be recovered or paid as a compromise of said suit," *held* not a present sale or conveyance of interest in plaintiff's cause of action entitling attorneys to intervene after attempted dismissal by client and prosecute to judgment on their own account client's suit.

**2. Attorney and client ⚖️190(3)—Defendant in suit has no duty to see that plaintiff keeps contract with his attorneys for contingent fees.**

Defendant in suit owes plaintiff's attorneys no duty to see that plaintiff complies with his contract for contingent fees, and, if plaintiff wrongfully compromises suit to injury of his attorneys, their remedy, if any, is suit against plaintiff, and not against defendant.

#### On Motion for Rehearing.

**3. Pleading ⚖️8(15)—Allegation of collusion between client and defendant to defeat recovery of attorney's fees held insufficient as conclusion.**

Allegations, in attorney's petition for leave to intervene in client's suit after settlement

---

with defendant, that client and defendant colluded together to defeat petitioner's right to recover any of property as attorney's fees, *held* insufficient, in absence of statement of facts relied on to support conclusion.

Appeal from District Court, Bowie County; Hugh Carney, Judge.

Action by B. Fronhoff against H. Fronhoff, wherein C. A. Wheeler and others, attorneys for plaintiff under contract for contingent fee, filed petition for leave to intervene after attempted dismissal by plaintiff. From judgment granting defendant's motion to dismiss suit and to strike petition for leave to intervene, interveners appeal. Judgment affirmed.

B. Fronhoff, claiming to own an interest in certain property in the possession of H. Fronhoff, employed appellants Pratt P. Bacon, C. A. Wheeler, and S. I. Robison, attorneys at law, to represent him in a suit against said H. Fronhoff to recover said interest. After suit as contemplated by B. Fronhoff was commenced, and while it was being prosecuted on his behalf by said Bacon, Wheeler, and Robison, as his attorneys, he agreed with them in writing as follows:

"Whereas, the undersigned has a lawsuit pending in the district court of Bowie county in the state of Texas against H. Fronhoff, and has employed Pratt P. Bacon and Wheeler & Robison, attorneys at law, to represent him in said suit either in said district court or any other court to which said suit may be carried, and said attorneys have agreed to accept said employment, and it is understood and agreed that they are to have one-third of any sum of money or property or both or either that may be recovered or paid as a compromise of said suit for their services therein. Given under my hand on this the 7th day of February, 1922.

"[Signed]                    B. Fronhoff."

A trial of the suit commenced as stated resulted in a judgment in B. Fronhoff's favor, which on appeal prosecuted to this court was affirmed (245 S. W. 737), but which on writ of error to the Supreme Court was reversed by a judgment of that court rendered April 2, 1924, in accordance with the opinion of a commission of appeals. 260 S. W. 164. Before the mandate of the Supreme Court was filed in the trial court, to wit, on April 30, 1924, B. Fronhoff filed a motion to dismiss his suit in the court last mentioned. On the day said mandate was filed, to wit, July 5, 1924, said attorneys, appellants here, filed a petition whereby they sought to intervene in the suit, on the theory that the effect of the 'undertaking of their client, B. Fronhoff, set out above, was to convey to them an interest (alleged to be of the value of $2,666.66) in his cause of action against H. Fronhoff which they were entitled to recover by continuing the prosecution of the suit on their own account. July 28, 1924, H. Fronhoff filed a

motion to dismiss appellants' said petition whereby they sought to intervene in the suit. August 25, 1924, the court rendered judgment dismissing B. Fronhoff's suit as prayed for by him, and striking out appellants' petition whereby they sought to intervene in the suit, as prayed for by H. Fronhoff. The appeal is from that judgment.

S. I. Robison, Pratt Bacon, and C. A. Wheeler, all of Texarkana, for appellants.

Sid Crumpton and W. W. Arnold, both of Texarkana, for appellees.

WILLSON, C. J. (after stating the facts as above). The judgment complained of is not erroneous, unless the legal effect of B. Fronhoff's agreement, set out in the statement above, was to transfer to appellants an interest in the cause of action in the subject-matter of the suit; for if that was not the effect of that agreement, appellants had no cause of action against H. Fronhoff, and therefore no right to intervene in the pending suit for the purpose of prosecuting it against him on their own account.

The language of the agreement is not like that used in Ry. Co. v. Vaughan, 16 Tex. Civ. App. 403, 40 S. W. 1065, Ry. Co. v. Miller, 21 Tex. Civ. App. 609, 53 S. W. 709, Lumber Co. v. Holt (Tex. Civ. App.) 144 S. W. 1029, and Gibson v. Coal Co. (Tex. Com. App.) 266 S. W. 137, cited by appellants as supporting their claim of a right to intervene in the suit. In each of those cases the intent to transfer an interest in the cause of action or subject-matter thereof was shown by apt words. Not so here. The language used by B. Fronhoff was that—

Appellants "are to have one-third of any sum of money or property, or both or either, that may be recovered or paid as a compromise of said suit for their services therein."

[1] That language, it seems to us, should not be construed as evidencing an intention that title to an interest in the property or cause of action therefor was thereby and then to pass to appellants, and it is plain under the authorities, that unless the language evidenced such an intent the agreement did not operate to then pass anything to appellants. Cotton Co. v. Simmons, 39 Tex. Civ. App. 189, 87 S. W. 842; 2 Pomeroy's Eq. Jur. § 1280; 6 C. J. 742 et seq., and authorities there cited.

The view most favorable to appellants which can be taken of the language of the agreement, we think, is that it showed that appellants were to own one-third of any money or property recovered by B. Fronhoff, or paid to him as a compromise, when, and not before, same was so recovered or paid. In that view, if he did not recover anything, and if nothing was paid to him in settlement of his claim, appellants, of course, acquired nothing because of the agreement.

[2] It was not alleged in appellants' peti-

tion that B. Fronhoff recovered or was paid anything as a result of the suit. If, however, the petition had contained such allegations, they would have shown no more than a liability on the part of B. Fronhoff to appellants, and not a liability on the part of H. Fronhoff to them; for the latter owed appellants no duty to see that B. Fronhoff complied with his contract with them. So, and for the same reason, if B. Fronhoff wrongfully and to the injury of appellants compromised the suit, appellants' remedy, if any they had, was by a suit for damages against B. Fronhoff, and not against H. Fronhoff.

Appellees also urge as a reason why the trial court should have ruled as he did that appellants' petition "was filed too late," and cite Lambie v. Wibert (Tex. Civ. App.) 31 S. W. 225, which seems to support the contention. Whether it really does or not, and, if so, whether it correctly interprets the law, we will not undertake to determine, as we are satisfied the judgment complained of is not erroneous for the other reason urged by them.

The judgment is affirmed.

### On Motion for Rehearing.

Appellants insist we erred in holding the trial court had a right to say they did not show they were entitled to intervene in the suit and on their own account prosecute it to a judgment, and in support of their contention urge that there is no material difference, so far as the principle of law applicable is concerned, between this case and Ry. Co. v. Vaughan, 16 Tex. Civ. App. 403, 40 S. W. 1065, and Ry. Co. v. Ginther, 96 Tex. 295, 72 S. W. 166, cited by them. We think there is such a difference.

In the Vaughan Case, Waters, the client, after commencing the suit against the railway company for $1,999, released it of liability to him in consideration of $100 it paid him. Having determined that the words used by Waters in his agreement with Vaughan, to wit, "I hereby sell and convey and agree to pay and deliver to said Vaughan one-half of whatever sum may be realized out of and collected from said railway company," were "a sufficient transfer to Vaughan of one-half of the cause of action,", the court sustained Vaughan's contention (based on a compliance by him with the requirements of article 6833, Vernon's Sayles' Statutes) that he had a right to intervene and prosecute the suit to a judgment against the railway company for one-half the amount Waters would have been entitled to recover of it had he not released it of liability as stated. The difference between that case and this one is that in that one, as held by the court, there was a present sale by Waters of an interest in his cause of action against the railway company, and the rights of the parties were determinable with reference to

the statute, while here there was not such a sale and there was no pretense that the statute had application to the case as made by its facts.

In the other case mentioned, Ginther employed the attorneys to represent him in a suit against the railway company for $20,000 and afterward compromised with the railway company for $2,500, which it paid him with notice of his contract with the attorneys, in which he agreed as follows: "I agree to give and hereby assign to them (the attorneys) one-third of whatever may be recovered in said suit, or by way of compromise." The court, in affirming a judgment in favor of the attorneys against the railway company for a sum equal to one-third of the amount it had paid Ginther (Galveston, H. & S. A. R. Co. v. Ginther, 30 Tex Civ. App. 161, 70 S. W. 96), said that the language used by Ginther, quoted above, was in effect, the same as that used by Waters in the Vaughan Case, and that, same "plainly expressed the intention to assign an interest in a cause of action of which a judgment or compromise was to be the measure." If that, as seems to have been the case, was the ground of the decision, a difference between the Ginther Case and this one lies in the fact that in the Ginther Case, as in the Vaughan Case, there was a present sale by Ginther to the attorneys of an interest in the cause of action against the railway company while in this one there was not such a sale. A doubt as to whether the Ginther Case was decided on the ground stated or not may arise from the fact that the court said that the instrument executed by Ginther did not, "in terms, attempt to assign a present interest in the cause of action, but agrees to give and assign one-third of 'whatever may be recovered' in the suit or by way of compromise." But we think such a doubt, if entertained, will disappear when it is remembered that the court regarded the language used by Waters in the Vaughan Case and by Ginther, in the case it was considering, as the same, in its legal effect; and when it is remembered, further, that the holding in the Vaughan Case, which the court approved, was that the language Waters used showed a present sale by him to Vaughan of an interest in the cause of action, and not a mere agreement to give and assign to Vaughan a part of whatever was "recovered in the suit or by way of compromise."

[3] Appellants alleged in their petition that the Fronhoffs were father and son, and "colluded together for the purpose of defeating these interveners of any interest in said property and of their right to recover any portion thereof as attorneys' fees agreed to be paid by the plaintiff to the interveners, and the plaintiff now refuses by reason of said collusion and agreement to prosecute this suit any further," and insist that it therefore

'appeared that they, were entitled to intervene and prosecute the suit, even if the effect of their contract with B. Fronhoff was as determined by this court. The facts relied upon to support the conclusion of the pleaders that the Fronhoffs had colluded together were not stated, and hence the allegations set out above did not strengthen appellants' case. Hanna v. Coal Co., 5 Ind. App. 163, 31 N. E. 846, 51 Am. St. Rep. 246; 21 R. C. L. 440; 31 Cyc. 49, 55. In the case cited the court said:

"The charge of fraudulent collusion in the second paragraph of the complaint in nowise aids the appellant. Characterizing a transaction as fraudulent does not make it so in law, unless it is so in fact; therefore, when the appellant charged that the appellee was guilty of a fraudulent collusion for the purpose of cheating him 'out of his fees and expenses,' it was incumbent upon him to state facts sufficient to support the charge."

The motion is overruled.