Hemphill, Ci-i. J.
As some difference of opinion might exist in relation to the first ground, its examination will be waived. The other three grounds of error have been consolidated and considered together in the argument of the appellant, and we will pursue tlie same order in their discussion. It is insisted that tlie judgment is not such as is authorized by law; that the form of a judgment oii a scire facias to revive a judgment where execution has not issued is, that Hie plaintiff have execution for tlie original judgment; and that this form has not been pursued. It appears from tlie record that two attempts were made to enter tlie judgment in legal and technical form. In the latter it is ordered that tlie judgment be revived, and the clerk having assessed tiie damage, it was ordered that the plaintiff do recover of the defendant a certain sum, with interest from tlie 23d April, 1835. This sum, if the interest from Jauuary to April be correctly estimated, (and I shall not stay to examine whether it be so or not,) is equivalent to the amount recovered in the original judgment, and it orders execution to issue. Thus far the judgment, though not'in due form, is substantially correct, and the error, if any, is one which might be cured by pronouncing such judgment here as should have been rendered below.
But a fatal objection to the judgment and to the action is, that the original judgment is encumbered with a condition which is not attached to the judgment as revived under this proceeding. By the, original judgment, execution is stayed until the curator, Huff, settle with tlie succession of S. Sawyer. How, the object of a scire facias is to obtain execution where it has not been issued. But how can tlifc pinintiff succeed in having execution in this case when, by agreement, it is to be delayed until the performance of a precedent condition? He certainly cannot succeed, unless he can show that it has been performed, or that it was fraudulently obtained, or that for some reasou, valid in *268 law, it is no longer binding on the parties. They doubtless understood what was meant and intended by the agreement. That its object was to beneiit the defendant is certain, and of this he cannot be deprived, unless on good cause shown to the contrary. But there is no allegation in the petition which would let in any proof touching this condition or its performance or want of force and efficacy. There is no evidence but the copy of the judgment itself, and this shows that execution was suspended by consent of the parties. This suspension still continues, for there is no showing and can be none on the pleadings to the contrary. The judgment, which the plaintiff produces to show that lie is entitled to execution, proves, by its own terms, quite the reverse. If the judgment be revived at all, it must be with all its terms, conditions, and contingencies, unless it be alleged and shown to be now disencumbered. As it stands, the original judgment is ordered to be revived and execution issue, without any respect to that portion of the judgment which stayed execution or any showing why it should be disregarded.
The defendant in error contends that the condition is an impossibility, repugnant to the judgment, and therefore void. The condition may be impossible; hut this is not apparent from anything contained in the recoril. All that can he gleaned from the judgment is that execution is not to issue until a curator, who is named, settles a certain succession. To settle an estate is not in itself an impossibility; and there is nothing to show that the suspension of this execution obstructs or prevents such settlement, or in fact that the estate has any or what interest in the judgment.
But the discussion of the points raised in the assignments need not he further prolonged. The judgment is encumbered with a condition. If revived at all it must he cum onere, or it must he alleged and shown that the ground for the suspension of execution no longer continues. Judgment reversed and cause remanded.
Reversed and remanded.