## FISK v. MILLER AND WIFE.

Where a continuance is asked for on the ground of surprise caused by the filing of an amendment, it must appear that the amendment makes it necessary to produce evidence which would not have been required if the amendment had not been made.

An offer to admit a fact, defeats a motion for a continuance in order to obtain testimony to prove it.

In an action of trespass to try title, a receipt for the purchase money signed by the vendor of the plaintiff, and set out in the petition as part of the plaintiff's title, is not such an instrument (against a stranger, at least,) as requires a denial under oath, of its execution, in order to render proof of its execution necessary.

Where the jury found a special verdict, concluding with the words "we therefore find as above for the plaintiff," and there was no statement of facts, it was held that the judgment should not be reversed on the ground that improper evidence had been received, since it appeared from the verdict that there was other evidence enough to sustain the judgment.

See this case for a special verdict in an action of trespass to try title, concluding

with the words, "we therefore find as above for the plaintiff," which was held to be sufficient to sustain a judgment for the plaintiff.

A stranger, in possession of real property, cannot defend against a purchaser from a married woman, on the ground that the title is still in the married woman for want of a compliance with the statute respecting the sale of property of married women.

A parol agreement for the sale of real estate is valid where the purchase money is paid and the purchaser put in possession.

Error from Travis. Action of trespass to try title to three town lots in the city of Austin, by Miller and wife against Fisk and Hiram B. Hill and wife. Hill and wife were cited by publication and failed to appear. In the original petition the plaintiffs alleged title in Mrs. Hill as assignee of certificates of purchase at public sales of Austin town lots by the Government, and the title of Mrs. Miller, formerly Catherine Schneider, stating the facts as afterwards found in the special verdict, but not stating that there was any receipt in writing for part of the purchase money. The petition also alleged that the defendant pretended to claim the property by virtue of a Sheriff or Constable's deed, which was null and void. The amended petition alleged the receipt in writing for part of the purchase money, and alleged that Fisk, "combining " with one Francis Winans and others, procured a pretended "Sheriff's deed bearing date 17th day of July, A. D. 1846, "under color of which he has taken possession of said lots "and yet holds the same," &c. There was a prayer for a decree against Hill and wife for a title, and against Fisk for possession and for the value of mesne profits. The defendant Fisk excepted, and alleged for special grounds of exception, that it appeared from the petition, that there was no contract in writing for the sale of the lots ; and that it sought to divest a married woman of title, in a mode not authorized by statute. He also denied the facts alleged in the petition, and pleaded the statute of limitations. There was no appearance for Hill and wife. There was a decree in favor of plaintiffs against Hill and wife divesting Mrs. Hill of the title and vesting it in Mrs. Miller, and against Fisk, for possession, and for

the value of the use and occupation as found by the jury.
Fisk alone prosecuted this writ of error. The other facts will
be found in the opinion of the Court.

*Fisk* and *Armstrong*, for plaintiff in error.

*Paschal* and *Du Val*, for defendants in error.


LIPSCOMB, J.   There is no statement of facts in this case,
but there is a special verdict finding the facts in the case, and
the judgment and decree were entered up by the Court on the
facts so found.   The special verdict is in substance as follows:
that there was a mortgage executed by Hiram B. Hill to
Thomas G. Western, on the 15th of January, 1846, upon
three town lots in the city of Austin, Nos. 9, 10 and 11, in
block 100, to secure the payment of a note for eighty dollars,
payable in sixty days after date, and dated the 16th of Jan-
uary, 1846; that the mortgage was transferred by Western to
Catherine Schneider on the 1st day of August, 1846; that at
the time of the assignment of the mortgage, the premises in
question were in the possession of Hiram B. Hill and wife;
that then and there the possession was transferred to Cathe-
rine Schneider, and that she continued in possession until
about the first of the year 1848; and that about this time the
premises came into the possession of Josiah Fisk, but how he
came thus into possession, there is no evidence to show; that
the said Fisk has so been in possession about three years and
six months, and we assess the use of said premises to be worth
at the rate of one hundred dollars per year; we also find that
said Emeline Hill, with the consent of her husband, H. B.
Hill, as appears by the parol testimony of Mr. Poage, sold said
premises to Mrs. Catherine Schneider, as evidenced by a re-
ceipt from Emeline Hill to Catherine for one hundred dollars,
dated Bastrop, May 3rd, 1846, the parol testimony of Mr.
Poage to the payment of one hundred and ten dollars in a
store account, and the parol testimony of Joseph Lee to the

payment of one hundred and sixty five dollars to the Government of Texas in Texas money, equal to forty-one dollars and twenty-five cents par money, the remainder due of the original purchase money for said lots ; and they find the payment of the money secured to be paid by the mortgage to Western, and they find the amount of four dollars paid for taxes ; they find that the title papers to said lots were delivered to Catherine Schneider on the said 1st day of August, 1846, soon after which the said Hiram Hill and wife, according to the evidence, left the State of Texas and have not since returned: " We therefore find as above for the plaintiff."

In the absence of a statement of the facts, we cannot know that Fisk offered any evidence in support of his answer. Hill and wife made no defence. The judgment was in favor of Miller and wife, for the premises sued for, and also that they should have judgment against Fisk for the rents of the property. Fisk is the only appellant, and he has assigned several grounds of error. Only two of them will be noticed.

It appears from the bill of exceptions, that after an amendment had been made on the part of the plaintiffs, of their petition, and the case set for trial on the succeeding day, the defendant Fisk asked for a continuance on the ground of surprise ; he asked time to procure a copy of an execution from Bastrop county, under which he claimed. The motion was overruled, the bill of exceptions showing that the plaintiffs offered to admit any copy that he might make out to be used. In overruling the motion, the Judge perhaps did not regard the amendment as at all affecting the defence, or requiring different preparation therefor ; or, if it could, the offer, made by the plaintiffs, removed the necessity of a continuance for that reason. We believe the Court decided correctly, because it does not appear to us that the amendment made it necessary to make preparation for a new defence not required by the petition, before it was amended.

The plaintiffs read in evidence a paper purporting to be a receipt signed by Emeline Hill, as follows :

"$100. Received from Mrs. Catharine Schneider one hun-
"dred dollars as a part of payment of a certain house and
"three lots in the city of Austin. Bastrop, May 3rd, 1846.
"EMELINE HILL.
"Attest: JAMES NICHOLSON, CAYETAN ERHARD."

This receipt was read to the jury, without any proof of its
execution, after being excepted to by the defendant. We be-
lieve the Court below erred in permitting the receipt to be
read as evidence to the jury without proof of its execution.
If the facts found by the jury in the special verdict, are suffi-
cient to sustain the judgment, without the evidence of the re-
ceipt, the judgment will not be disturbed. The principal ob-
ject of the receipt seems to have been to show payment in
part, and identify the property for which the payment had
been made; and this might as well have been proven in some
other way. We will here remark, that if the jury had re-
turned a general verdict, we could not have sustained the judg-
ment, although it had appeared to us that there was sufficient
evidence without the receipt to have authorized their verdict;
because we could not have known but their finding was pro-
duced by this very receipt, that was improperly read in evi-
dence. It is different where, as in this case, the jury find the
facts.

What, then, are the facts found by the jury, besides this
receipt, that would support the judgment of the Court. It is
found that Hill and wife were in possession of the premises;
that they gave possession to Catharine Schneider, one of the
plaintiffs; that she remained in possession more than two
years; the extinguishment of the mortgage to Western, by
the plaintiff; Hill and wife then leaving the country, and leav-
ing the title papers with the plaintiff; that she had paid the
instalments due to the State for the lots. The title papers were
the certificates of purchase given by the government officer to
the purchaser, showing how much had been paid, and what
instalments remained to be paid. If these were paid, the pur-
chaser or his assign was entitled to a patent. If not paid

when due, the purchaser forfeited the payment made. It appears that these certificates were left with the plaintiff, and that she paid the instalments due to the State. If these had not have been paid, no patent would have issued, and the purchaser would have forfeited all that had been paid. The possession, of itself, was presumptive evidence of title. The manner in which she had acquired that possession strengthened the presumption that she had purchased from Hill and wife. These were but presumptions, it is true, liable to be rebutted, but until rebutted must prevail against a naked trespasser. There is no statement of facts, and if the defendant offered in evidence any thing to show that his possession was not a tortious one, it is not before us, and he must be regarded as a mere naked trespasser. We believe, therefore, that if the receipt is disregarded as it ought to be, for want of proof, there would still be evidence enough in the special verdict, to sustain the judgment of the Court below, and it is therefore affirmed.

Judgment affirmed.