## GULF, COLORADO & SANTA FE RAILWAY COMPANY v.
### F. J. ELDREDGE ET AL.

Decided April 13, 1904.

**1.—Assignment of Cause of Action—Settlement—Notice.**

The assignee of an interest in a cause of action against one who subsequently settled with the assignor without the assignee's knowledge, not having filed his assignment with the papers in the suit in accordance with Revised Statutes, article 4647, must show that the defendant had notice of his rights before making settlement, to entitle him to recover of such defendant his interest as assignee in the amount for which the claim was settled.

**2.—Same—Statute.**

Articles 308, 309, Revised Statutes, though applying by their terms only to assignment of written instruments, may be looked to in determining the question of burden of proof as to notice of an assignment of a claim not based on a writing.

**3.—Assignment—Compromise.**

The assignee of an interest in the amount to be recovered by suit or settlement on a nonnegotiable cause of action may recover his proportionate interest in the amount paid his assignor in settlement by a defendant who had notice of his interest therein, without establishing the legal liability of such defendant to his assignor.

**4.—Same—Jurisdiction.**

The court in which, a suit for damages was pending when defendant settled with plaintiff therefor had jurisdiction, on intervention of assignees of an interest in the amount so recovered, to determine the right of such assignees to recover from defendant their proportionate interest in the amount so paid in settlement.

Appeal from the District Court of Bell. Tried below before Hon. John M. Furman.

*J. W. Terry* and *A. H. Culwell,* for appellant.

*W. W. Hair,* for appellees.

FISHER, CHIEF JUSTICE.—On the 10th day of January, 1902, Eldredge, by his attorneys, W. C. Halbert and J. W. Parker, filed suit in the District Court of Bell County against the appellant for damages on account of injuries sustained by Eldredge when performing the services of brakeman in the employ of appellant, on January 5, 1902.

One June 2, 1902, the appellant by its answer pleaded a settlement with the plaintiff Eldredge, executed on February 6, 1902, and asked that the case be dismissed. Thereafter W. C. Halbert and J. W. Parker intervened and pleaded a contract executed by Eldredge on the 9th day of January, 1902, whereby there was assigned to Halbert and Parker 45 per cent of the amount that might be recovered by judgment or compromise.

On June 1, 1902, the defendant filed an answer to this plea of intervention, claiming that the court was without jurisdiction, and repeated its request for a dismissal of the case, which plea was overruled.

On the trial of the case the court entered judgment in favor of Hal-

bert and Parker for the sum of $180, which was 45 per cent of the amount paid by appellant to Eldredge in the settlement of the case with him.

It appears from the facts that the suit instituted by Halbert and Parker for Eldredge was filed on the 10th day of January, 1902. On the 9th day of January, the day preceding the filing of suit, they entered into a written contract with Eldredge, whereby it was, in effect, agreed that Halbert and Parker should, for their services as attorneys, receive 45 per cent of the amount that might be recovered, either by judgment or compromise from the appellant. On February 6, 1902, the appellant settled with Eldredge in full for the sum of $400, which settlement was without the knowledge and consent of Halbert and Parker. It does not appear from the statement of facts whether the appellant did or did not have notice at the time that it settled with Eldredge of the contract of the latter with Halbert and Parker. The contract was not filed and recorded, as provided for in article 4647 of the Revised Statutes. All that appears upon this subject is an indorsement signed by the district clerk of Bell County, to the effect that the contract was filed, but whether it was on file with the papers of the case at the time that the settlement was made by the appellant with Eldredge, does not appear.

The contract with Halbert and Parker being executed before the suit was filed, is governed by article 3353a of the Revised Statutes of 1895, which is held to apply to contracts of this character, as is shown by the case of Gulf C. & S. F. Ry. Co. v. Miller, 53 S. W. Rep., 709, and which was approved in the later case of Texas Central Ry. Co. v. Andrews, 67 S. W. Rep., 924; and in which last case a writ of error was refused, and was expressly approved by the Supreme Court in Galveston H. & S. A. Ry. Co. v. Ginther, 96 Texas, 299. Under this provision of the statute, an interest in the cause of action held by Eldredge against the Gulf, Colorado & Santa Fe Railway Company was assignable; and it was not essential that article 4647 should be complied with in order to charge the railway company with notice of the right and interest of the assignees. But, however, we are of the opinion that the burden of proof was upon the assignees Halbert and Parker to establish the fact that the appellant knew of the interest that they had acquired by virtue of the assignment at the time it made the settlement with Eldredge.

Article 309 of the Revised Statutes provides that the assignee of any instrument mentioned in the preceding article may maintain an action thereon in his own name, but he shall allow every discount and defense against the same which it would have been subject to in the hands of any previous owner before notice of the assignment was given to the defendant. The previous article referred to is article 308, which authorizes a pledgee or assignee of any instrument not negotiable by the law merchant to transfer by assignment his interest to another. It is true that these provisions of the statute use the expression "written

instrument," but we are inclined to the opinion that it can be looked to in order to determine upon whom the burden rests to establish the fact that payment was made with notice or without notice of the assignment.

The statute provides that the assignment is made subject to all of the defenses before notice of the assignment was given to the defendant. The use of the expression "notice of the assignment was given to the defendant," implies that the defendant must be given notice of the assignment in order to preclude him from asserting a settlement made with the original creditor. The rule may possibly be otherwise with reference to negotiable instruments. A debtor who settles with the original creditor a nonnegotiable claim, without notice that it has been transferred, ought to be protected; and we are inclined to the opinion that the burden of proof rests upon the assignee to establish some fact indicating that the debtor had notice at the time the settlement was made with the original creditor. 2 Am. and Eng. Enc. of Law, 2 ed., 1077, 1099. There being no evidence upon this subject, the judgment will be reversed and the cause remanded.

The appellees' cause of action was for 45 per cent of the amount paid by the appellant to Eldredge. The contract upon which they base their cause of action transfers to them this percentage of the amount that might be received in compromise. Such being the case, they would be entitled to recover this amount without establishing the fact that the appellant would be and was liable to Eldredge on a cause of action for damages, as alleged in the petition. The right to recover in a case of this kind for the part of the amount that the assignees were entitled to that was paid to the injured party in settlement is recognized by the case of Galveston H. & S. A. Ry. Co. v. Ginther, supra, and cases there cited.

We are also of the opinion that the trial court had jurisdiction to adjudicate the matter in controversy. It having properly assumed jurisdiction over the original case, it had the power to determine all matters of litigation that could be properly presented and passed upon in the original suit. Halbert and Parker being assignees of an interest in the original cause of action, could prosecute the same to judgment; and the court having jurisdiction over the original case could ascertain and determine the interest of Halbert and Parker.

For the error pointed out, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*