GULF, C. & S. F. RY. CO. v. JAMES B. & CHARLES J. STUBBS. (No. 5271.)

(Court of Civil Appeals of Texas. San Antonio. April 22, 1914. Rehearing Denied May 13, 1914.)

1. ASSIGNMENTS (§ 92*)—RIGHT OF ASSIGNEE —SETTLEMENT WITH ASSIGNOR.

Where defendant, after notice that one, having a claim for damages against it, had assigned to plaintiff a half interest therein, and in any compromise, settlement, or recovery, settled with and paid the assignor, plaintiff may recover of it half the amount it paid the assignor, without pleading or proving the damages, though he might sue it on the claim for damages, or the assignor for his share of the sum paid him.

[Ed. Note.—For other cases, see Assignments, Cent. Dig. § 158; Dec. Dig. § 92.*]

2. INSANE PERSONS (§ 61*)—ASSIGNMENT OF CLAIM—SETTLEMENT WITH ASSIGNOR.

Though when H. assigned to plaintiff a half interest in a claim for damages against defendant, and in any settlement, H. was insane, so that the contract was voidable, yet H. not having disaffirmed it, but having thereafter, with knowledge of the facts, and before settling with defendant, ratified it, defendant having had knowledge of the contract, though not of the ratification, was liable to plaintiff.

[Ed. Note.—For other cases, see Insane Persons, Cent. Dig. §§ 93–99; Dec. Dig. § 61.*]

3. CONTINUANCE (§ 30*)—AMENDMENT AT TRIAL—DISCRETION.

Allowing plaintiff to amend his petition after the case had gone to trial, without granting defendant a continuance, is largely a matter of discretion, not abused, where the amendment simply enlarges on the cause of action, and does not require of defendant any evidence not before required.

[Ed. Note.—For other cases, see Continuance, Cent. Dig. §§ 99–112; Dec. Dig. § 30.*]

Appeal from District Court, Galveston County; Clay S. Briggs, Judge.

Action by James B. & Charles J. Stubbs against the Gulf, Colorado & Santa Fé Railway Company. Judgment for plaintiffs, and defendant appeals. Affirmed.

Terry, Cavin & Mills and A. H. Culwell, all of Galveston, for appellant. D. D. McDonald and James B. & Chas. J. Stubbs, all of Galveston, for appellees.

CARL, J. Appellees, James B. & Charles J. Stubbs, a law partnership, sued appellant, alleging that on February 23, 1912, they were employed by Charles Hansen to represent him in his claim for damages against appellant growing out of a collision which occurred on or about February 18, 1912; and that said Hansen authorized appellees to sue for, settle, or compromise his claims, and in consideration of their services rendered and to be rendered to said Hansen, he transferred and assigned to them in writing a one-half interest in his claims and causes of action against appellant, and in any compromise, judgment, or recovery that he might be entitled to by reason of said collision and injuries and damages resulting therefrom. There are further allegations that they were representing said Hansen and carrying out this agreement with Hansen, and had notified appellant of their employment and of their interest in the claim; but that, although appellant had actual notice of appellees' contract, about May 20, 1912, appellant settled with Hansen for $3,500, and a judgment was entered in Hansen's favor for that amount, which was paid. The prayer was for $1,750 or one-half of the sum received by Hansen.

Appellant answered by general demurrer, general denial, and specially that at the time Hansen made the contract, if any, with appellees, he was mentally unfit to and incapable of making a valid contract, and same is void; and further that, after Hansen recovered his understanding, he repudiated said contract and declined to recognize appellees as his attorneys.

By trial amendment, appellees further alleged that, since the cause went to trial, they had learned that said Hansen had received $1,500 additional in satisfaction of injuries to himself, and for injuries to his minor daughter, growing out of the same accident in which his wife was killed, and alleging that said $1,500 additional payment was a settlement out of court and unknown to appellees until developed in the trial. Their additional prayer was for one-half of the $1,500 settlement made out of court, or a total of $2,500.

The trial, which was before the court, resulted in a judgment in favor of appellees for $2,375, from which the appeal is taken.

The contract entered into is as follows: "Galveston, Feby. 23d, 1912. Messrs. James B. and Charles J. Stubbs, Lawyers, City—Dear Sirs: I hereby employ you to represent me in my claim for damages against the Gulf, Colorado & Santa Fé Ry. Company, growing out of the collision on February 18th, 1912, and all injuries and damages resulting therefrom, and I hereby authorize you to sue for, settle or compromise such claim; and in consideration of your services rendered and to be rendered, I hereby transfer and assign to you a one-half (½) interest in my claims,

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

demands and causes of action and any compromise, settlement, judgment or recovery that I may be entitled to by reason of said collision, injuries and damages. Charles Hansen. Witness: W. J. Jinkins, M. D. Miss Julia Clooney."

It is admitted that this contract had been brought to the attention of the railway company, and that Hansen recovered a judgment against the company on May 20, 1912, for $3,500, which was settled May 23, 1912, for $2,350 to Hansen; and on May 22, 1912, he settled outside of court for his own injuries and those of his daughter for the sum of $1,500. The trial court finds that the company had actual notice of the contract before the settlements were made; but appellees were not notified of the settlements, and they knew nothing about such compromise until the judgment was entered for $3,500, and did not know of the $1,500 settlement until the trial of this cause. It is further found by the court that Hansen never disaffirmed the contract, but as late as the latter part of April or first of May he manifested an intention to abide by the terms thereof with full knowledge of its contents and of the efforts being put forth thereunder by said attorneys.

The trial court concluded that as a matter of law, while Hansen may not have known that his wife was dead at the time he executed the contract, he did know she and the child were with him, at the time of the collision, and must have known that what he was contracting for was the recovery of damage to which he might be entitled for all injuries and damages growing out of the collision from whatever source; and further that the contract conveyed to appellees a one-half interest in and to each and all causes of action growing out of the collision. The court also concludes that Hansen did not disaffirm the contract; that appellant had notice of the contract and, having such notice, had settled with Hansen for $2,375; and that appellees were entitled to judgment for one-half of that sum.

[1] The contract not only assigned an interest in the claim for damages, but a one-half interest in any compromise, settlement, or recovery as well. As we construe the holdings of the courts, an attorney holding a contract such as the one in this case has three remedies, in the event the client settles the claim after notice to the party liable as to the existence of the contract, viz.: (1) He may proceed on the assigned cause for damages, in which event he would plead and prove the damages and liability therefor, and recover his part of such damages as might be established (Seiter v. Marschall [Sup.] 147 S. W. 226); (2) he might sue the client for his share of the sum paid in settlement; or (3) he may recover his part of the sum paid the client without pleading and proving the damages. The last is the remedy selected in this case, and there appears to be ample authority for so doing.

A case almost identical with the one under consideration came before the Supreme Court in G., H. & S. A. Ry. Co. v. Ginther, 96 Tex. 295, 72 S. W. 166, in which the judgment of the Court of Civil Appeals, 30 Tex. Civ. App. 161, 70 S. W. 96, was affirmed. That contract said: "I agree to give and hereby assign to them one-third of whatever may be recovered in said suit, or by way of compromise." Ginther settled, after the suit was filed, for $2,500, and his attorneys intervened and obtained judgment against the railway for one-third of the amount paid Ginther. Judge Williams said: "The instrument plainly expressed the intention to assign an interest in a cause of action of which a judgment or compromise was to be the measure, and the expression of this intention, in any language, was all that was required to make an assignment, as contradistinguished from a mere agreement to pay so much as a contingent fee. Christmas v. Russell, 14 Wall. 84, 20 L. Ed. 762. While the contract may have left the plaintiff free to compromise, it gave the assignees an interest in the claim which they had the right to have paid in the settlement. This right, when the defendant knew of its existence, could not be defeated by payment to the plaintiff. The position of defendant was that of any other person paying a debt to the original creditor instead of an assignee whose rights were known"—citing Railway v. Vaughn, 16 Tex. Civ. App. 403, 40 S. W. 1065.

Another case very similar to this one came before the Austin Court of Appeals in G., C. & S. F. Ry. Co. v. Eldredge, 35 Tex. Civ. App. 467, 80 S. W. 556. The court said: "The appellees' cause of action was for 45 per cent. of the amount paid by the appellant to Eldredge. The contract upon which they base their cause of action transfers to them this percentage of the amount that might be received in compromise. Such being the case, they would be entitled to recover this amount without establishing the fact that the appellant would be and was liable to Eldredge on a cause of action for damages, as alleged in the petition. The right to recover in a case of this kind for the part of the amount that the assignees were entitled to that was paid to the injured party in settlement is recognized by the case of G., H. & S. A. Ry. Co. v. Ginther, supra, and cases there cited." See, also, G., C. & S. F. Ry. Co. v. Miller, 21 Tex. Civ. App. 609, 53 S. W. 709; T. C. L. Co. v. Holt, 144 S. W. 1029; Powell v. G., H. & S. A. Ry. Co., 78 S. W. 977; Texas Cent. Ry. Co. v. Andrews, 28 Tex. Civ. App. 477, 67 S. W. 924.

From the authorities cited, it seems to be well settled that the assignee of an interest in a claim for damages may hold the party liable therefor responsible for his proportion-

ate share of a settlement made with the client after notice. The assignment is to one-half of "my claims, demands, and causes of action and any compromise, settlement, judgment, or recovery." Hansen did not expressly waive the right to himself settle the claim; but the railway was put upon notice that appellees had and owned a one-half interest in any compromise. So, when the railway paid Hansen all of the money, they could not thereby force appellees to sue Hansen to recover the money. The company knew of appellees' interest, and, when it paid Hansen all of it, the risk was the railway's. Appellees were not required to plead and prove the damages to Hansen, as contended, but could sue for their part of the settlement made. G., C. & S. F. Ry. Co. v. Eldredge, 35 Tex. Civ. App. 467, 80 S. W. 556; G., H. & S. A. Ry. Co. v. Ginther, 96 Tex. 295, 72 S. W. 166; Texas Cent. Ry. Co. v. Andrews, 67 S. W. 924.

In view of the foregoing, assignments 1, 2, and 3 are overruled.

[2] By the fourth and fifth assignments, appellant contends that, if Hansen ratified the contract of employment sued upon, such ratification was not binding upon the railway, and that no liability was, or could be, created against it by reason of such ratification because there is no evidence that the railway had any notice of such ratification before the settlement was made, and the finding of the court is against the great weight of the evidence. The railway had pleaded that, at the time Hansen made the contract, he was not in a mental condition to do so, and did not know all the facts. For instance, it was claimed that he did not then know his wife was dead.

That appellant had actual notice of the contract is not disputed. The court found that Hansen had not disaffirmed the contract but had manifested an intention to abide by its terms after knowing all the facts and before the settlement was made. In M. P. Railway Co. v. Brazzil, 72 Tex. 239, 10 S. W. 406, it is said: "There has been some conflict of decision whether the contract of an insane person is void or voidable, but the great weight of authority holds the contracts of such persons only voidable. Elston v. Jasper, 45 Tex. 413; Wharton's Law of Contracts, 98–118; Pollock's Principles of Contracts, 76–84; Anson on Contracts, 114; 2 Kent, Com. 593. Contracts only voidable are obligatory until in some manner repudiated or annulled, and may at any time be ratified and thereby the right to avoid them be lost." If, subsequent to the time of making a voidable contract, the party, then having capacity to do so, ratifies the same, the contract will then stand in all its terms as originally made, and cannot thereafter be set aside. "A ratification relates back to the inception of the transaction and makes a deed as obligatory as if originally made by the party or by his authority," says Judge Gould in Railway Co. v. Chandler, 51 Tex. 416; and Mr. Justice Fly cites this case with approval in Bremner v. Fields, 34 S. W. 447. The railway knew at the time it settled that appellees were claiming to represent Hansen, and knew they held a contract, which, if voidable, was subject to ratification at any time by Hansen. The fourth and fifth assignments are overruled.

[3] Complaint is made that the trial court erred in permitting appellees to file a trial amendment on May 21, 1912, after the case had gone to trial, in which claim was made for $750, or one-half of a $1,500 settlement made by Hansen with the company out of court. Appellant claimed that it was a new and distinct cause of action, and asked to withdraw announcement and continue, which the court refused. Appellant admits in its brief, and did not then deny, that such settlement had been made. No defense whatever is shown against same other than is presented in regard to the $3,500 judgment. The receipts evidencing this settlement were produced by appellant's attorney during the trial of the cause. "It is within the discretion of the trial court to grant the request of the plaintiff to withdraw its announcement and amend its pleadings." G. B. Grocery Co. v. Carter, 30. S. W. 487. The statute (R. S. 1824), providing that amendments shall be filed before the parties announce ready for trial, and not thereafter, is directory, and it is not error for the court, in the exercise of a sound discretion, to allow the pleading to be amended, even after the trial has commenced." Railway Co. v. Goldberg, 68 Tex. 687, 5 S. W. 824. In this case Judge Gaines says: "Admitting, for the sake of the argument, that the amended petition set up a new cause of action, the question of continuance was largely in the discretion of the court." 1 Ency. Dig. Tex. Reps. 211–213.

Whether the court has abused that discretion is a proper subject of review. But, where a continuance is asked on the ground of surprise caused by filing an amendment, it must appear that the amendment makes it necessary to produce evidence not before required. And none other was required because the fact that settlement was made was admitted. Fisk v. Miller, 13 Tex. 227; Beham v. Ghio, 75 Tex. 89, 12 S. W. 996; Parker v. Spencer, 61 Tex. 164. Nowhere is it made to appear that appellant had any other defense than that which was urged and which applied as well to the matter set up in the amendment. While it is the purpose of the law to safeguard the rights of litigants and give a fair trial, it is at the same time the policy of the law to terminate suits as soon as that may be done fairly and to prevent a multiplicity of suits. In Beham v. Ghio, 75 Tex. 88, 12 S. W. 997, Judge Gaines says: "If the court be satisfied, upon suffi-

cient grounds, that in fact there is no surprise, and that he is as ready to proceed as if the amendment had been filed a sufficient length of time to enable him to prepare his case for trial, and that the application to continue is for delay only, the continuance should be refused." Cummings v. Rice, 9 Tex. 530; Parker v. Spencer, 61 Tex. 164; Whitehead v. Foley, 28 Tex. 10; Bank v. Sharpe, 33 S. W. 677; Tel. Co. v. Bowen, 84 Tex. 477, 19 S. W. 554; Johns v. Northcutt, 49 Tex. 454. The amendment in this case did not change the cause of action, but simply enlarged upon it, and the entire matter grew out of the same transaction. Ball v. Britton, 58 Tex. 57; Railway v. Pape, 73 Tex. 503, 11 S. W. 526.

We have carefully considered all assignments and do not think any of them should be sustained.

The judgment is affirmed.