HARTFORD FIRE INSURANCE COM-
PANY, Appellant,

v.

CONTINENTAL BUS SYSTEM, Inc.,
Appellee.

No. 12745.

Court of Civil Appeals of Texas.

Galveston.

Dec. 9, 1954.

Rehearing Denied Jan. 13, 1955.

Painter and Painter and J. H. Painter, Jr., Houston, for appellant.

Fulbright, Crooker, Freeman, Bates & Jaworski and Eugene Cavin, Houston, for appellee.

GRAVES, Justice.

While the appellant's statement of the nature and result below of this cause is thought to be needlessly in some respects extended, a full copy of it is hereto attached as "Exhibit A", and made a part hereof.

The appellee, in its answering brief, makes a reminder of the fact that the trial court, in such judgment, held that the appellant was entitled to assert its sub-. rogation claim, but had the burden of establishing the appellee's negligence, and that, since appellant had failed to even offer evidence of any such negligence, the trial court was left no alternative than to enter its judgment for the appellee.

On the appeal, this Court has become convinced that the trial court, contrary to the appellant's presentments, did not err in rendering the appealed·from judgment. That conclusion is thus clearly expressed in the appellee's sole counter-point to the appellant's contentions, to wit: "The Trial Court correctly held that appellant's notice to appellee of its property damage assignment and subrogation claim preserved its right to enforce such claim against appellee by proving appellee's negligence; but did not render appellee automatically liable to appellant, simply because it settled the insured's personal injury action and took a general release from him."

. It is thus undisputed that appellant insurance company, as the collision-carrier of Powledge, the man who owned the automobile, paid Powledge for the property damage to his automobile that had resulted from the collision on the highway with the appellee bus—subject, of course, to the $50 deductible provision therein—and took an assignment from Powledge, as such owner, of all his right to claim any property damage thereto. The further detailed facts upon this feature are that Powledge had filed his suit against the appellee bus system for his claimed personal injuries resulting from the collision, and that this appellant insurance company, without having intervened in that suit for damages, had notified the appellee bus company of its assignment of Powledge's property damage claim; after having been so notified, the appellee bus company settled Powledge's personal injury action under a general release from him, whereupon the personal injury suit had been settled.

In the situation thus given and without undertaking to demonstrate the inapplicability of the authorities, appellant cites for its contention many cases, of which these are the leading ones: Gulf, C. & S. F. Ry. Co. v. James B. & Charles J. Stubbs, Tex. Civ.App., 166 S.W. 699, error refused; Seiter v. Marschall, 105 Tex. 205, 147 S.W. 226; Galveston, H. & S. A. Ry. Co. v. Ginther, 96 Tex. 295, 72 S.W. 166; Texas & P. Ry. Co. v. Vaughan, 16 Tex.Civ.App. 403, 40 S.W. 1065, error refused; Gulf, C. & S. F. Ry. Co. v. Eldredge, 35 Tex.Civ. App. 467, 80 S.W. 556; F. H. Vahlsing, Inc., v. Hartford Fire Ins. Co., Tex.Civ. App., 108 S.W.2d 947, error refused; 26 C.J. 458; 46 C.J.S., Insurance, § 1209; Blashfield Cyc. Law & Practice, Vol. 6, p. 508.

On the contrary, appellant's stated position seems to have been directly repudiated—upon comparable facts—by the Fort Worth Court of Civil Appeals, in American General Insurance Co. v. Fort Worth Transit Co., 201 S.W.2d 869, as follows: "Appellant American General Insurance Company sued appellee, Fort Worth Trans-

it Company, Tarrant County, Texas, in the County Court at Law Number Two of said County, alleging a cause of action for damages done to the automobile of one O. B. Swanson, resulting from a collision between said automobile and a bus of appellee. Said appellant claiming right of subrogation by reason of an insurance policy issued to said Swanson containing a $50 deductible clause; that subsequent to the collision and damage in question, the appellee, with full knowledge of the existence of such insurance policy, its provisions pertaining to the $50 deductible clause and the right of subrogation, settled the claim with O. B. Swanson including the property damage to said automobile; leaving undisposed the amount subrogated by O. B. Swanson to the appellant Insurance Company; and alleged further, that appellee thereby admitted liability and became responsible to appellant for full amount of the automobile damage sustained by Swanson, in excess of the $50, which said appellant was forced to pay said Swanson in the sum of $483.90. Appellant alleged, in the alternative, that appellee was liable upon its negligence, which was the proximate cause of the collision; and that it became heir by subrogation."

Appellant's argument in its brief, to the effect that the Fort Worth Court of Civil Appeals has since changed its view from that quoted in the American General Insurance Co. v. Fort Worth Transit Co. case, supra, by its expression in the later case by it of Fort Worth & Denver Ry. Co. v. Ferguson, 261 S.W.2d 874, writ refused, is a mistake; when the two opinions are placed side by side, they are found to have been based upon different states of fact.

In addition to those already referred to, appellant has cited these additional authorities: 54 A.L.R. 1456; Sprague v. Adams, 139 Wash. 510, 247 P. 960, 47 A.L.R. 533; 1 Amer.Jur. 494, par. 114; 1 C.J.S., Actions, § 104d (2), page 1334.

These additionally cited authorities of the appellant are thoroughly answered by these additionally cited by the appellee, to wit: Underwriters at Lloyd's Insurance Com-

pany v. Vicksburg Traction Co., 106 Miss. 244, 63 So. 455, 51 L.R.A., N.S., 319; Fidelity & Guaranty Fire Corporation, Baltimore, v. Silver Fleet Motor Express, 242 Ala. 559, 7 So.2d 290; Travelers Indemnity Company v. Moore, 304 Ky. 456, 201 S.W.2d 7; General Exchange Insurance Corporation v. Young, Mo.App., 206 S.W.2d 683; Vasu v. Kohlers, Inc., 145 Ohio St. 321, 61 N.E.2d 707, 166 A.L.R. 855; Moultroup v. Gorham, 113 Vt. 317, 34 A.2d 96; Subscribers at Casualty Reciprocal Exchange, by Dodson, v. Kansas City Public Service Company, 230 Mo.App. 468, 91 S.W.2d 227.

Under the facts cited and the authorities referred to, this opinion in favor of the trial court's judgment may not, it is thought, be more appropriately concluded than by quoting with approval this concluding paragraph of the brief of the appellee herein, to wit: "The right of an individual injured in an automobile accident to assert his cause of action for personal injuries, to have it controlled by his own lawyer, and to settle it as he wishes, cannot, as a matter of good conscience, or common sense, be reduced or affected by the fact that an insurance company, under a contract obligation to do so, has paid him for the damage to his automobile. The Trial Court correctly so held."

The judgment is, accordingly, affirmed.

Affirmed.

"Exhibit A

"This cause was submitted to the Court below upon an agreed statement of facts and such stipulation of facts appears in the Transcript on Pages 8 to 10 inclusive. There was no other evidence presented to the Trial Court, and no Statement of Facts was filed with this Court, there being no other evidence introduced in the Trial Court.

"Powledge owned an automobile which was insured for Collision and Upset damage by Hartford Fire Insurance Company and, while operating this car, Powledge was involved in an accident with a bus owned by Continental Bus System, Inc. As a result of the accident, Powledge made claim against the Hartford Fire Insurance Company under a $50.00 Deductible Provision, and settlement and payment was made to Powledge by the Hartford Fire Insurance Company and an assignment was given to the Company of any Property Damage claim that he might have on account of the accident. Subsequently, Powledge filed suit against Continental Bus System, Inc., and during the pendency of the suit, Hartford, through its Attorneys, notified the Bus Company, through its Attorneys, of the assignment to Hartford of any Property Damage claim arising out of the accident, which letter was acknowledged by the Attorneys for the Bus Company.

"Without notice to the Appellant, the Bus Company effected a settlement with Powledge, after notice of the assignment to the Hartford, and took a full release from Powledge of all claims that he might have as a result of said accident, either for Personal injury or Property Damage. It is stipulated that the assignment to Hartford was in the amount of $900.00, and it is further stipulated that the settlement made with Powledge by the Bus Company was for the sum of $1,250.00.

"After such settlement without Hartford's knowledge or consent, Hartford made demand upon the Bus Company for payment of the money it had paid out, and, this being refused, suit was filed against the Bus Company by Hartford upon the tort action, and alternatively upon its rights under its assignment from Powledge, of which, Hartford alleged, the Bus Company had notice. The cause was submitted to the Trial Court upon an agreed stipulation of facts and the tort action was abandoned by the Hartford, and the cause proceeded to trial upon the alternative theory of the assignment to Hartford by Powledge, and notice to the Bus Company, and its violation of such rights. Judgment was for the Defendant, and Plaintiff below, Appellant here, now urges reversal of such decree and rendition of Judgment for Appellant herein."