**Affirmed and Memorandum Opinion filed May 17, 2016.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-15-00227-CV

---

### JAMES P. GRANTHAM, Appellant

### V.

### J&B SAUSAGE COMPANY, INC., D/B/A J BAR B FOODS, Appellee

---

**On Appeal from the County Civil Court at Law No. 4
Harris County, Texas
Trial Court Cause No. 1053476**

---

## M E M O R A N D U M   O P I N I O N

In this appeal from a Texas Rule of Civil Procedure 91a dismissal, appellant James P. Grantham urges that the trial court erred in (1) granting the motion to dismiss filed by appellee J&B Sausage Company, Inc., d/b/a J Bar B Foods (J Bar B) and (2) awarding attorney's fees. We affirm.

## BACKGROUND

In September 2014, Grantham filed an "Original Petition to Enforce Settlement." The petition named Janice Russell, J Bar B, and Eggleston & Briscoe, L.L.P. as defendants, but Grantham only served J Bar B. Grantham listed the discovery plan, named these defendants, and, other than identifying the parties, alleged only the following:

<u>FACTS</u>

1. Mr. Grantham represented Ms. Russell in the matter of *Janice Russell v. J Bar B Foods* and thus incurred attorney's fees. This matter was resolved through settlement in the amount of $8,500.00. J Bar B Foods refuses to fund said settlement.

<u>PRAYER AND RELIEF REQUESTED</u>

1. Plaintiff incorporates the preceding paragraphs as if set forth fully herein.

1. Plaintiff requests that Defendants be cited to appear and answer and that, on final trial, Plaintiff have the following:

   a. Plaintiff's attorney's fees be paid in full;

   b. That check be made payable to Trimble & Grantham, PC; and

   c. Any and all further relief, whether special or general, or whatever in equity or at law, to which Plaintiff is justly entitled.

No causes of action were identified. No other facts in support of a cause of action were alleged. Nothing was attached to the petition, such as Grantham's fee agreement with Russell or any documentation of the alleged settlement between J Bar B and Russell.

J Bar B filed a verified answer in October 2014, in which it averred, *inter alia*, that it refused to fund the settlement because the settlement agreement had not

2

been notarized and the signature on it did not appear to be Russell's. J Bar B simultaneously filed a Rule 91a motion to dismiss,[1] in which it urged as follows:

> Plaintiff James Grantham has filed this lawsuit claiming he is entitled to his contingent fee interest in a confidential settlement agreement that was never funded because his client failed to provide a properly executed release. Mr. Grantham's cause of action has no basis in law because his contingent fee interest is wholly derivative from those of his client.

In its motion, J Bar B also sought, pursuant to Rule 91a.7, reasonable and necessary attorney's fees incurred in filing the motion.[2] J Bar B attached an affidavit from Eggleston & Briscoe attorney David W. Smith, who had handled this matter for J Bar B, detailing the work he had performed in filing the motion, his experience in Harris County, the factors he considered in determining whether the fees were reasonable and necessary,[3] and redacted copies of all current invoices for the defense of Grantham's suit. The total attorney's fees listed in the invoices attached to his affidavit amounted to $3,322.

Grantham responded and agreed that "his cause of action was derivative of Russell's." He urged that he sought "to assert his interest in the settlement funds based on his contingency fee contract and the assignment of interest therein." He argued that his fee "was no longer contingent but fully realized when the parties agreed to settle the case for $8,500.00." Grantham asserted that "the executed Settlement [A]greement sent to [J Bar B] should suffice" as a basis to fund the

---

[1] *See* Tex. R. Civ. P. 91a ("Except in a case brought under the Family Code or a case governed by Chapter 14 of the Texas Civil Practice and Remedies Code, a party may move to dismiss a cause of action on the grounds that it has no basis in law or fact.").

[2] *See* Tex. R. Civ. P. 91a.7 (requiring a trial court to award the prevailing party on a 91a motion "all costs and reasonable and necessary attorney fees incurred with respect to the challenged cause of action in the trial court").

[3] The factors listed in Smith's invoice are consistent with those established in *Arthur Andersen & Co. v. Perry Equip. Co.*, 945 S.W.2d 812, 818 (Tex. 1997).

settlement. Finally, Grantham sought an award of $3,500 in attorney's fees and costs for his efforts in resolving this matter.

The trial court signed an order granting J Bar B's Rule 91a motion to dismiss and awarding it $3,322 in attorney's fees on December 3, 2014. Grantham filed a motion for new trial, which was overruled by operation of law. This appeal timely followed.

## JURISDICTION

As a preliminary matter, we must consider whether we have jurisdiction over this appeal because the dismissal order does not dispose of all parties listed in Grantham's live pleading. *See M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 673 (Tex. 2004) ("[W]e are obligated to review *sua sponte* issues affecting jurisdiction."). A judgment is final "if it disposes of all pending parties and claims in the record." *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). To determine whether a judgment disposes of all pending claims and parties, it may be necessary for the appellate court to look to the record in the case. *Id.* There must be some "clear indication that the trial court intended the order to completely dispose of the entire case." *Id.* at 205. Therefore, a judgment is final for purposes of appeal when (1) the judgment expressly disposes of some, but not all defendants, (2) the only remaining defendants have not been served or answered, and (3) nothing in the record indicates that the plaintiff ever expected to obtain service on the unserved defendants. *See Youngstown Sheet & Tube Co. v. Penn*, 363 S.W.2d 230, 232 (Tex. 1962) (describing when failure to obtain service on defendant may be treated as a nonsuit for purposes of determining finality of judgment); *see also M.O. Dental Lab*, 139 S.W.3d at 674–75 (holding that decision in *Penn* survives *Lehmann*); *Sondock v. Harris Cty. Appraisal Dist.*, 231 S.W.3d 65, 67 n.1 (Tex. App.—Houston [14th Dist.] 2007, no pet.).

4

Here, the record reflects that the 91a dismissal order only disposed of J Bar B, yet, as described above, Grantham's live pleading included two other defendants: Russell and Eggleston & Briscoe. However, the record also reflects that Grantham never served either Russell or Eggleston & Briscoe, nor did either of these defendants answer. Finally, there is no indication in the record that Grantham expected to obtain service on Russell or Eggleston & Briscoe. *See M.O. Dental Lab*, 139 S.W.3d at 674; *Sondock*, 231 S.W.3d at 67 n.1. We thus conclude that the 91a dismissal order is final for purposes of this appeal, and we turn to the merits.

## STANDARD OF REVIEW

Under Texas Rule of Civil Procedure 91a, a party may move to dismiss a cause of action on the grounds that it has no basis in law or fact. Tex. R. Civ. P. 91a. Here, J Bar B moved to dismiss Grantham's cause on the grounds that it had no basis in law. "A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought." Tex. R. Civ. P. 91a. Except as required to determine an award of attorney's fees under 91a.7, "the court may not consider evidence in ruling on the motion and must decide the motion based solely on the pleading of the cause of action, together with any pleading exhibits permitted by Rule 59."[4] Tex. R. Civ. P. 91a.6.

A trial court's determination of whether a cause of action has any basis in law or fact is a legal question that we review de novo based on the allegations of the live pleading. *Wooley v. Schaffer*, 447 S.W.3d 71, 76 (Tex. App.—Houston [14th Dist.] 2014, pet. denied). We construe the pleadings liberally in favor of the plaintiff, looking to the pleader's intent, and accepting as true the factual

---

[4] Here, as noted above, Grantham did not attach any exhibits to his pleading.

5

allegations in the pleadings to determine if the cause of action has a basis in law or fact. *Id.* In so doing, we apply the Texas fair notice pleading standard to determine whether the petition's allegations are sufficient to allege a cause of action. *Id.* With this framework in mind, we turn to Grantham's issues.

## DISMISSAL OF GRANTHAM'S SUIT

In his first issue, Grantham complains that the trial court erred in dismissing his cause of action against J Bar B. Both on appeal and in the trial court, the parties focused much of their arguments on whether the dispute between Russell and J Bar B settled. However, under the proper standard of review, we take as true Grantham's allegations that (1) he "represented Ms. Russell in the matter of *Janice Russell v. J Bar B Foods*," (2) "this matter was resolved through settlement in the amount of $8,500," (3) Grantham "incurred attorney's fees," and (4) "J Bar B Foods refuses to fund said settlement." *See id.* As noted above, the relief Grantham sought was payment of his attorney's fees via a check to his law firm. The only question for the court below, and this court on appeal, is whether these facts, and any reasonable inferences drawn from them, entitle Grantham to the relief he seeks from J Bar B.[5] *See* Tex. R. Civ. P. 91a.

Construing Grantham's pleading liberally and drawing all reasonable inferences from it, Grantham is seeking attorney's fees incurred in connection with his representation of his client, Russell, on an unfunded settlement agreement between J Bar B and Russell. Grantham does not allege whether he has or had a

---

[5] In its dismissal order, the trial court stated it considered "the pleadings, motion, response, the evidence presented and the argument of counsel" in determining that J Bar B was entitled to dismissal under Rule 91a. First, we note that the court may conduct an oral hearing on a Rule 91a motion. *See* Tex. R. Civ. P. 91a.6. And although evidence is not to be considered in ruling on the motion, which should be determined "solely on the pleading of the cause of action, together with any pleading exhibits," the trial court "must consider evidence regarding costs and [attorney's] fees in determining the award" required by Rule 91a.7. *See* Tex. R. Civ. P. 91a.6, 91a.7.

fee contract with Russell, and if so, what type of fee contract. Grantham does not allege any facts which, even liberally construed, permit an inference of Grantham's fee arrangement with Russell. Grantham does not allege that he has received an assignment of a portion of Russell's claim. Grantham does not allege any facts which, even liberally construed, permit an inference that he received an assignment of an interest in Russell's claim. Grantham does not allege that he has been terminated by Russell. However, as Grantham names Russell as a defendant in this suit, we infer that Grantham and Russell are no longer aligned. Even without the facts that would inform the source and nature of Grantham's fee interest generally, we are able to conclude on the facts that we do have that Grantham's suit against J Bar B has no basis in law for the following reasons.

First, if Grantham is seeking reimbursement for the services he rendered to Russell based on the value of those services, his claim would be either a breach of contract claim—if he had a contract—or a quantum meruit claim[6]—if he did not have a contract or any contract was invalid. *See, e.g.*, *Mandell & Wright v. Thomas*, 441 S.W. 2d 841, 847 (Tex. 1969); *see also* Tex. Gov't Code § 82.065(c) (providing that an attorney may recover fees under an invalidated contingency fee contract under a theory of quantum meruit in certain circumstances). But in either situation, his claim would be against Russell, to whom he provided his services, not J Bar B. Thus, any claim for breach of contract or in quantum meruit is not cognizable against J Bar B.

---

[6] To recover under a theory of quantum meruit, a claimant must prove that: (1) valuable services were rendered; (2) for the person sought to be charged; (3) the services were accepted, used, and enjoyed by the person sought to be charged; and (4) the acceptance, use, and enjoyment was under such circumstances as reasonably notified the person sought to be charged that the claimant, in performing such services, was expecting to be paid by the person sought to be charged. *Vortt Expl. Co. v. Chevron U.S.A., Inc.*, 787 S.W.2d 942, 944 (Tex. 1990).

Second, if Grantham had a fee agreement with Russell whereby she assigned a portion of her claim to Grantham to compensate him for his legal services, then his claim for attorneys' fees is, as a general rule, entirely derivative of Russell's claim.[7] *See, e.g.*, *Dow Chem. Co. v. Benton*, 163 Tex. 477, 481 (1962). In other words, if he had such an agreement with Russell, Grantham would generally be constrained to prosecuting his claim for fees in connection with Russell's claim for breach of the settlement agreement. *See id.* As Grantham pleaded that J Bar B has failed to fund the settlement and as Grantham does not bring this suit with Russell or in Russell's name, Grantham's claim for fees against J Bar B is not cognizable. *See id.* at 480 ("[A] plaintiff contends that he is injured and desires to sue. He employs counsel. He agrees to pay the attorneys a percentage of whatever they recover for him, and to assign them a like percentage of the cause of action. Conversely, the attorneys agree to take for their compensation a percentage of whatever they recover for the plaintiff. The plaintiff assigns to the attorneys the agreed percentage of whatever is recovered plus a corresponding percentage of the cause of action of the plaintiff. Then the plaintiff goes out of the case entirely. The suit as to him is properly dismissed. The question is, then, may the attorneys press the plaintiff's suit (in which they have a contractual interest) in order that the

___

[7] An exception to this general rule would occur if Russell and J Bar B settled the claim without Grantham's agreement, and J Bar B, on notice of Grantham's interest, paid Russell but not Grantham. In situations such as that, where a plaintiff and defendant, with knowledge that an attorney has been granted an interest in the suit, settle the case without recognizing the attorney's interest, the attorney has several choices: (1) he may prosecute the suit against the defendant in his own name or the plaintiff's name, prove liability and damages owed by the defendant to the plaintiff, and recover his proportionate share from the judgment; (2) he may sue the client for his share of the sum paid in settlement; or (3) he may ratify the settlement agreement between the plaintiff and defendant, without the necessity of proving liability and damages in the underlying tort suit, by seeking to recover only his proportionate share of the settlement funds. *Honeycutt v. Billingsley*, 992 S.W.2d 570, 585 (Tex. App.—Houston [1st Dist.] 1999, pet. denied) (citing *Gulf, C. & S.F. Ry. Co. v. Stubbs*, 166 S.W. 699, 700 (Tex. Civ. App.—San Antonio 1914, writ ref'd)). Here, however, Grantham pleaded facts in his petition indicating that the settlement had not been funded, so this exception does not apply in this case.

attorneys may recover their percentage of whatever the plaintiff would have recovered. ***We think not***." (emphasis added)).

Finally, in the petition, Grantham did not state any cause of action or plead any facts suggesting any specific basis for recovery of his attorney's fees directly from J Bar B. As discussed above, Grantham did not state the nature of either his representation of Russell or his fee agreement with her. Yet, he named Russell as a defendant. Although Grantham entitled his pleading "Original Petition to Enforce Settlement," the only relief he sought was the payment of his fees from his client's former adversary directly to his law firm, not the funding of the full settlement. The heading alone does not supply a claim to enforce the entire settlement. *Cf. Surgitek, Bristol-Myers Corp. v. Abel*, 997 S.W.2d 598, 601 (Tex. 1999) ("[W]e look to the substance of a motion to determine the relief sought, not merely to its title."). Our liberal standard of review is not "'a license to read into the petition a claim that it does not contain.'" *Estate of Sheshtawy*, 478 S.W.3d 82, 87 (Tex. App.—Houston [14th Dist.] 2015, no pet.) (quoting *Flowers v. Flowers*, 407 S.W.3d 452, 458 (Tex. App.—Houston [14th Dist.] 2013, no pet.)). Moreover, we cannot conclude that it would be reasonable to infer that Grantham is suing Russell to enforce Russell's settlement.

Based on the foregoing, we may infer that Grantham's fee agreement with Russell was contingent on the settlement. *See, e.g.*, *Hoover Slovacek LLP v. Walton*, 206 S.W.3d 557, 561 (Tex. 2006) (discussing attorney contingent fee contracts, which have the "primary purpose" of allowing plaintiffs "who cannot afford an attorney to obtain legal services by compensating the attorney from the proceeds of any recovery"). Yet even indulging the inference from Grantham's meager pleading that he has a contingent interest in the settlement funds and has

been discharged by Russell,[8] that interest does not provide Grantham a cause of action *against J Bar B* for his attorney's fees. *Cf. Mandell & Wright*, 441 S.W.2d at 847 (holding that an attorney hired on a contingent-fee basis discharged without cause before representation is completed may seek compensation, as is relevant here, in a suit to enforce the contract by collecting the fee from any damages **the client** subsequently recovers). "In allowing the discharged lawyer to collect the contingent fee from any damages **the client** recovers, *Mandell* complies with the principle that a contingent fee lawyer 'is entitled to receive the specified fee only when and to the extent the client receives payment.'" *Hoover Slovacek*, 206 S.W.3d at 562 (emphasis added) (quoting Restatement (3rd) of the Law Governing Lawyers § 35(2) (2000)). Here, Grantham stated that the settlement was not funded nor has he alleged facts suggesting that J Bar B otherwise paid any damages to Russell; thus, Grantham has pleaded himself out of any contingency fee related to the settlement. *See id.*

In sum, regardless of the nature of Grantham's fee arrangement with Russell, taking Grantham's sparse factual allegations as true and drawing all reasonable inferences therefrom, they do not entitle him to the relief he seeks from J Bar B. Thus, his cause of action against J Bar B has no basis in law. *See* Tex. R. Civ. P. 91a; *see also Wooley*, 447 S.W.3d at 76–78.

We overrule Grantham's first issue.

**ASSESSMENT OF ATTORNEY'S FEES**

Grantham seemingly presents a second issue in this appeal: "Are Attorney fees for writing a 91a motion reasonable when they equate to almost half of the

___

[8] As outlined above, there are no facts pleaded indicating whether Grantham was discharged with or without cause; we may only infer from the fact that Russell is named as a defendant that Grantham and Russell are no longer aligned. Either way, as set forth above, Grantham's claim for fees is against his client, not his client's adversary

10

settlement?" However, this single question is the sum total of Grantham's "briefing" on his second issue; there is no argument or legal authority provided in support of this question. Our Rules of Appellate Procedure require that the brief contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record. Tex. R. App. P. 38.1(i). With no legal authority or argument in support of this issue, Grantham has waived this issue by failing to adequately brief it. *See, e.g.*, *Reule v. M & T Mortgage*, No. 14-13-00502-CV, –S.W.3d–, 2015 WL 6560611, at *9–14 (Tex. App.—Houston [14th Dist.] Oct. 29, 2015, no pet. h.); *Karaali v. Petroleum Wholesale, L.P.*, No. 14-11-00577-CV, 2013 WL 6198349, at *6 (Tex. App.—Houston [14th Dist.] Nov. 26, 2013, no pet.) (mem. op.).

We overrule Grantham's second issue.

## CONCLUSION

Having overruled both of Grantham's appellate issues, we affirm the trial court's 91a dismissal order.

/s/    Sharon McCally
       Justice

Panel consists of Justices Christopher, McCally, and Busby.